## UNITED STATES v. JAJESWIEC.

(District Court, D. Massachusetts. January 11, 1923.)

No. 4049.

**Intoxicating liquors ☞247—Limitation of right to search private dwelling under Prohibition Act.**

> The provision of National Prohibition Act, tit. 2, § 25, that "no search warrant shall issue to search any private dwelling occupied as such unless it is being used for the unlawful sale of intoxicating liquor, or unless it is in part used for some business purpose, such as a store, shop, saloon, restaurant, hotel, or boarding house," cannot be extended by construction to authorize issuance of a search warrant on an affidavit showing probable cause to believe that liquor was being manufactured therein.

Criminal prosecution by the United States against Wajiech Jajeswiec. On motion by defendant to exclude as evidence certain property and information secured through a search warrant. Motion granted.

William J. White, Jr., U. S. Atty., of Lowell, Mass.

Brooks, Kirby, Keedy & Brooks, of Springfield, Mass., for defendant.

BREWSTER, District Judge. The defendant was indicted for the illegal manufacture of liquor in violation of the Prohibition Act (41 Stat. 305). He pleaded not guilty. Before trial he moved that the court refuse to receive in evidence any property or information obtained as a result of a search and seizure alleged to have been made unlawfully and in violation of defendant's rights, secured to him by the Fourth and Fifth Amendments to the Constitution of the United States.

The motion was heard on an affidavit of the prohibition agent, the search warrant, and the return thereon. There was no claim that defendant waived any of his constitutional rights.

The facts showing the existence of probable cause were duly supported by oath and the requirements of the Fourth Amendment were met in respect to the place to be searched and the thing to be seized. The place was described in the warrant as a "dwelling house." There being no evidence to the contrary, it was assumed for the purposes of the case that the dwelling house was used by the defendant as such. The only facts upon which probable cause could be predicated were that an odor of liquor and mash emanated from the premises and a quantity of used mash was visibly present thereon. There was no statement in the affidavit or warrant indicating that the premises were used for the unlawful sale of intoxicating liquors, or were in part used as a store, shop, saloon, restaurant, hotel or boarding house. The return on the search warrant shows that the following were seized on the warrant:

> "4 gal. intoxicating liquor;
> 1 25-gal. still complete;
> 1 copper kettle;
> 25 gal. mash."

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In the National Prohibition Act Congress undertook to outlaw intoxicating liquors unlawfully possessed, and property designed for the unlawful manufacture of liquor. National Prohibition Act, title 2. § 25; Giles v. U. S. (C. C. A. 1st Cir., Oct. 28, 1922) 284 Fed. 208.

It expressly authorized the seizure of such outlawed property upon a search warrant issued as provided in the so-called Espionage Act (40 Stat. 228 [Comp. St. 1918. Comp. St. Ann. Supp. 1919, § 10496¼a et seq.]); but Congress from a proper regard for the Fourth Amendment, which guarantees "the rights of the people to be secure in their person, house, papers and effects against unreasonable searches and seizures," expressly limited the right to search dwelling houses occupied as such to those being used for the unlawful sale of intoxicating liquors or those in part used for some business purposes such as a store, shop, saloon, restaurant, hotel or boarding house.

It is contended by the government that the warrant could lawfully issue, if the facts supported by oath justified the magistrate issuing the warrant in concluding that there was probable cause to believe that the dwelling was in part used for the business of manufacturing liquor. To adopt this contention is to extend by implication the right to search dwellings beyond the express limitation of the act.

As the court pointed out in United States v. Kelih (D. C.) 272 Fed. 490:

"If section 25 [Prohibition Act] had used the words 'unless it is being used for the unlawful sale OR MANUFACTURE of intoxicating liquors' a different situation would arise, but the statute does not use the capitalized words, and limits the business purposes to such as a store, shop, saloon, retaurant, hotel, or boarding house."

The construction of the court in this case would seem to be the proper construction to be placed upon the provisions of the act. If Congress had intended to extend the right to search dwelling houses used in part for any business, or even for the unlawful business of manufacturing intoxicating liquors, it could have easily so provided.

The rights of the people to be free from unreasonable and unlawful search have been so jealously guarded and so highly appraised in numerous decisions of the United States that this court would hardly be justified in extending the right to search dwelling houses occupied as such beyond the express terms of the statute. Boyd v. United States, 116 U. S. 616, 6 Sup. Ct. 524, 29 L. Ed. 746; Weeks v. United States, 232 U. S. 392, 34 Sup. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177; Gouled v. United States, 255 U. S. 298, 41 Sup. Ct. 261, 65 L. Ed. 647; United States v. Mitchell et al. (D. C.) 274 Fed. 128; Ripper v. United States, 178 Fed. 24, 101 C. C. A. 152; Godat v. McCarthy (D. C.) 283 Fed. 698.

As the affidavit and warrant failed to disclose any evidence tending to show that the defendant's dwelling house was being used for the unlawful sale of intoxicating liquors, or was used in part as a store, shop, saloon, restaurant, hotel or boarding house, the court is of the opinion that the search warrant was void and the search made upon it illegal and unlawful. United States v. Kelih, supra.

It follows, therefore, that all property and evidence obtained as a re-

sult of the illegal search and seizure must be excluded at the trial upon said indictment.   Gouled v. United States, 255 U. S. 298, 41 Sup. Ct. 261, 65 L. Ed. 647; Amos v. United States, 255 U. S. 313, 41 Sup. Ct. 266, 65 L. Ed. 654; Giles v. United States, supra.

The motion of the defendant is allowed.