## UNITED STATES v. PALMA.

(District Court, D. Massachusetts. February 4, 1924.)

No. 4729.

1. Intoxicating liquors ⬤⟫247—Manufacture for commercial purposes does not authorize search of private dwelling.

Under National Prohibition Act, tit. 2, § 25 (Comp. St. Ann. Supp. 1923, § 10138½m), providing that no warrant shall issue to search any private dwelling, unless used for the unlawful sale of intoxicating liquor, or in part used for some business purpose, such as a store, shop, etc., held, ·

⬤⟫For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

that a private dwelling house is not subject to search merely because liquor is unlawfully manufactured therein for commercial purposes.

2. Searches and seizures ☞3—Statutory right to search private dwellings not to be extended by judicial interpretation.

The search warrant is the most drastic instrument which can be placed in the hands of an officer, and·when legislation is enacted extending the right to search and seize in private dwellings, the courts ought not to lend their sanction to any interpretation of this legislation which will extend the right beyond the clear and obvious intent thereof.

Prosecution by the United States against Anthony Palma. On defendant's motion to quash a search warrant and suppress evidence obtained by a federal agent. Motion allowed. /

The United States Attorney.

John H. Backus and James F. Meagher, both of Boston, Mass., and Joseph A. Scolponeti, of Dorchester, Mass., for defendant.

BREWSTER, District Judge. [1] In this case there was a search and seizure by federal prohibition agents in a dwelling house, which was conceded to be the private dwelling of the defendant. It was not used in part for a store, shop, saloon, restaurant, hotel, or boarding house. In the cellar of this house the officers seized one 300-gallon still, one 175-gallon still, one 100-gallon still, 12 200-gallon tanks, 1,200 gallons, more or less, of mash, and 90 gallons, more or less, of alcohol.

The affidavit of the prohibition agent, upon which the warrant was issued, was as follows:

"That on April 25, 1923, I went to the premises at fourth house on left-hand side of Hutchinson street, Revere, Mass., entering Hutchinson street from Broadway, and going towards Pomona street, the name or names of the occupants of said premises being unknown to me, premises consisting of a one-story wooden building. While walking along said street, and standing in front of said premises, I could detect and did detect a strong odor of distillation coming from said premises. That I went to said premises because of complaints received that liquor was being manufactured in said building(s), and the aforesaid experience proves to me that intoxicating liquor is being manufactured in said building(s) and by a person or persons whose name or names to me are unknown. That I also have reason to believe and do believe, and it is a matter of common report, that liquor for commercial purposes is being manufactured in said premises. That I have been a federal prohibition agent for some time and am familiar with the odor of distillation."

Thus it appears that the search warrant was issued upon evidence warranting the commissioner in believing that the defendant was carrying on in his private dwelling house the business of manufacturing liquor for commercial purposes, but with no evidence that the premises were used for unlawful sale of intoxicating liquor.

In U. S. v. Jajeswiec, 285 Fed. 789, this court held that section 25 of Title 2 of the National Prohibition Act (41 Stat. 315 [Comp. St. Ann. Supp. 1923, § 10138½m]) did not authorize magistrates, upon evidence of manufacture only, to issue a warrant for the search of a dwelling house which was not used in part for the purposes enumerated in the section. The same conclusion has been reached in other jurisdictions. U. S. v. Kelih (D. C.) 272 Fed. 484; Jozwich v. U. S. (C. C. A.) 288 Fed. 831.

The magistrate who issued the warrant and the prohibition agent who made the affidavit supporting it seem to have acted upon the assumption that the rule laid down in the above-cited cases would not apply if it appeared that the private dwelling house was being used for the manufacture of liquor for commercial purposes. It may well be that the affidavit in form does not come up to the requirements of the Giles Case (C. C. A.) 284 Fed. 208, because it deals too much with conclusions and common report, and too little with facts; but, passing over this aspect of the case, I come to the broader and more important aspect, namely, the question whether the rule in the above cases is to be limited to private dwellings where liquor is being manufactured on a small scale, and not for commercial purposes. This is the contention of the government, and it is apparently based upon the theory that a dwelling house ceases to be a private dwelling, and is no longer entitled to the protection of section 25 of the National Prohibition Act, if any part of it (e. g., the cellar or the attic) is being devoted to the unlawful manufacture of liquor on such a scale as to justify the magistrate in believing that it was being manufactured for ultimate sale. If this theory can be supported at all, it must be on one of two grounds.

First, that the dwelling was used in part for "some business purpose," within the meaning of this section; or,

Second, that it was being used in part for a "shop."

I have a feeling which approaches a conviction that this contention is not open on the Jajeswiec Case, but apparently others have taken a different view, and I have therefore deemed it wise to give the matter further consideration.

It seems to me that the legislative intent, as expressed in section 25, is clear. The right to search for liquor was not to be extended to a private dwelling, unless it appeared that the dwelling house was used for the unlawful sale of intoxicating liquor, or unless it was in part used for some of the business purposes enumerated in the act. What are the business purposes enumerated in the act? The private dwelling must be used in part for a "business purpose such as a store, shop, saloon, restaurant, hotel or boarding house"—all places where, as the experience of pre-prohibition days indicates, liquor might be sold, not places where it might be manufactured. Liquors are not manufactured in stores, shops, saloons, restaurants, hotels, or boarding houses. As I read the section, the dominant idea of those who framed it was to permit searches of private dwellings only where illegal traffic in liquor was discovered, or most likely to be found, and, by enumerating these places, Congress excluded all others. If it had intended to include the business of a brewery or distillery, it could easily have so provided. It cannot be seriously contended that Congress intended to permit the searching of private dwellings which were being used in part for any business purpose whatever.

[2] I can find no definition of the word "shop" which could reasonably be held to include a distillery or a brewery, where ordinarily the business of manufacturing intoxicating liquors is carried on; nor do I find in any reported case any decision supporting the proposition

that, if a still is found in a private dwelling, the dwelling is being used for a shop. The Jajeswiec and Kelih Cases, above cited, point to quite the opposite conclusion. I am unable to adopt the view that, because a man sees fit to carry on an unlawful enterprise in his home, he thereby destroys the character of the house as his dwelling place. As has been frequently pointed out in cases arising under the Prohibition Act, the search warrant is the most drastic instrument which can be placed in the hands of an officer, and, when legislation is enacted extending the right to search and seize in private dwellings, the courts ought not to lend their sanction to any interpretation of this legislation which will extend the right beyond the clear and obvious intent thereof.

When application is made for a warrant to search a dwelling house which is not used for any of the business purposes enumerated in the act, it seems to me the first question for the magistrate to consider is whether the building is occupied in good faith as his home by the party whose premises are to be searched. If it should appear that the dwelling house was not being used as a bona fide place of abode, but merely as a cover for illegal manufacturing, a different situation would be presented; but if it is in fact the private dwelling place of the defendant and is wholly used as such—that is, if it is not used in part for the business purposes mentioned in the section—it should not be searched, except upon evidence of sale.

In my opinion, the directions for issuing warrants to search dwelling places given by the learned judge in the Jozwich Case, supra, will bear repeating. There the court states that, before a search warrant can issue under this section, the informant must show to the commissioner that the place to be searched was being used (a) for the unlawful sale of intoxicating liquor (in which case a private residence may be searched); or (b) it must be shown that the place to be searched is "not a private residence used as such," or, if a residence, it is "in part used for some business purpose, such as a store, shop, saloon, restaurant, hotel, or boarding house."

For the reasons above suggested, I am quite prepared to reaffirm the rule laid down in this district in the Jajeswiec Case, and to extend the rule by positive decision to cases where liquor is being unlawfully manufactured for commercial purposes in a private dwelling house, and I therefore declare the search and seizure in this case illegal and unreasonable.

I am not unmindful of the fact that the conclusions reached in this case will increase the difficulties in apprehending and punishing those who are violating the law by unlawfully manufacturing liquor in their dwelling houses. Such results, however, cannot be at all controlling with the court. Its duty is to administer the law as we find it. If private dwellings should be searched when used for unlawful manufacture of liquor, it is for Congress to so provide. If we have developed here an obvious defect in the law, the court cannot cure the defect.

The defendant's motion to quash the search warrant and suppress the evidence obtained by the federal agent is therefore allowed.