## PETERSON v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. April 21, 1924.)

### No. 4146.

**1. Intoxicating liquors ⨌238(1)—Evidence of unlawful possession held to require submission to jury.**

In a prosecution for unlawful possession of whisky under Alaska prohibition statute (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 3643b–3643r), evidence of accused's guilt *held* to require submission to jury; the only reasonable conclusion therefrom being his guilt.

**2. Intoxicating liquors ⨌132—Alaska Dry Act and National Prohibition Act both in force in Alaska.**

Under National Prohibition Act, § 5 (Comp. St. Ann. Supp. 1923, § 10138⅘c), continuing all penalties for violation of any liquor laws then in effect, unless directly in conflict with the act, or supplemental act, the Alaska Dry Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 3643b–3643r) and National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) are both in force in Alaska, and, in case of any inconsistency, the latter prevails.

**3. Indictment and information ⨌3—Imprisonment because of nonpayment of fine held no part of penalty for violating law, and did not violate right to present case to grand jury.**

Imprisonment because of nonpayment of a fine is a method of enforcing payment of the fine and is no part of the penalty for violating the law, and did not entitle one accused of violating the Alaska Dry Law (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 3643b–3643r) to have the case first presented to the grand jury.

In Error to the District Court of the United States for the Third Division of the Territory of Alaska; E. E. Ritchie, Judge.

C. F. Peterson and another were convicted of unlawfully possessing whisky, in violation of the Alaska prohibition act, and named defendant brings error. Affirmed.

John F. Dore and Francis C. Reagan, both of Seattle, Wash., and L. V. Ray, of Seward, Alaska, for plaintiff in error.

Sherman Duggan, U. S. Atty., of Anchorage, Alaska, and Harry G. McCain, Asst. U. S. Atty., of Cordova, Alaska.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge. Peterson, plaintiff in error, and one Maelhorn were convicted in the commissioner's court in Alaska upon a complaint charging them with unlawful possession of whisky, commonly called "white mule," in violation of section 1 of the Alaska prohibition statute (39 Stat. 903, c. 53 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 3643b–3643r). Peterson was sentenced to nine months in jail and to pay a fine of $900, and upon appeal to the District Court of the Territory of Alaska, he was again convicted. Thereafter he brought writ of error to this court.

[1] The evidence is that the prohibition officers who were in an automobile, met Peterson and Maelhorn in an automobile coming toward them at a point in a narrow road within the townsite of Anchorage. The cars stopped as they could not pass at the point of meet-

---

⨌For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ing. The officers got out of their car, and, going toward Peterson, asked what he had, to which Peterson replied: "I have a load." Peterson's car had storm curtains on the sides, but the officers testified they could see that there were kegs or barrels between the front and rear seats. Thereupon the officers moved their car to one side, climbed into Peterson's car, arrested him and Maelhorn, and drove into the town with the defendants, where, upon examination, the kegs were found to contain locally manufactured whisky, called "white mule." The officers seized the kegs, and thereafter upon the trial, after identifying the contents, the court, over the defendants' objection, admitted in evidence a bowl with some of the liquor taken from one of the kegs. Defendant Maelhorn, the only witness called by defendants, testified that Peterson, who was his employer, asked him if he wanted to haul a load from the beach; that he answered, "Yes;" that Peterson put the liquor into the automobile; and that it was in the car when he and Peterson met the officers upon the day of arrest.

Peterson questions the validity of the seizure. Putting aside that question, however, there stands the uncontradicted evidence of Maelhorn, which was a clear, voluntary statement that Peterson directed him to get a load of liquor, helped him put it into the automobile, and that the liquor so loaded was in the kegs in the car when the officers arrested the two defendants. Maelhorn's testimony, when considered with the evidence of the prosecution, that he and Peterson were in the automobile when they met the officers, and that there were barrels or kegs in the car, required submission of the case to the jury, and the only reasonable conclusion was that defendants were guilty.

[2] The contention that the Alaska dry law is in conflict with the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) has been denied in the decisions of this court. Abbate v. United States (C. C. A.) 270 Fed. 735; Koppitz v. United States (C. C. A.) 272 Fed. 96; Simpson v. United States (C. C. A.) 290 Fed. 963. Section 5 of the National Prohibition Act (chapter 134, § 5, 42 Stat. 223 [Comp. St. Ann. Supp. 1923, § 10138⅘c]) concerns all laws in regard to the manufacture and taxation of, or traffic in, intoxicating liquor, but it is also expressly provided that all penalties for violation of such laws which were in force when the National Prohibition Act was enacted shall continue in force as to beverage and nonbeverage liquor, except such provisions of such laws as are directly in conflict with any provision of the National Prohibition Act or the supplemental act. The provisions of the supplemental act do not repeal the Alaska dry law. The two laws, National Prohibition Act and Alaska dry law, are in force in Alaska, with the qualification that if there are inconsistencies in any of their provisions, the National Prohibition Act must prevail.

The fact that the penalties may be different for some of the offenses defined in the two acts does not affect the validity of the Alaska statute, which makes it a misdemeanor to possess whisky unlawfully.

[3] Nor is there merit in the position that Peterson, having been sentenced to nine months in jail and to pay a fine of $900, with the

proviso that in default of payment of such fine he shall serve a term in jail not to exceed one day for each $2 of the fine unpaid, was "deprived of his right to have his case first presented to a grand jury." The offense involved in the conviction is made a misdemeanor by the Alaska dry law, and prosecutions for violations are required to be on information or by indictment. The Alaska statute makes one-year imprisonment the maximum. Imprisonment extended because of the nonpayment of a fine imposed is a method of enforcing payment of the fine, but it is no part of the penalty imposed for violating the law. Ex parte McGee, 33 Ore. 165, 54 Pac. 1091.

We find no error and affirm the judgment.