### UNITED STATES v. BERKENESS.

(Circuit Court of Appeals, Ninth Circuit. November 15, 1926.)

No. 4901.

Intoxicating liquors ⬤⟹245—Provision of National Prohibition Act as to search of private dwelling controls local act in Alaska (Comp. St. §§ 3643b et seq., 10138½m).

A search warrant may not be issued to search a building in Alaska used as a dwelling for intoxicating liquors without a showing first made of sale of liquor therein, required by National Prohibition Act, tit. 2, § 25 (Comp. St. § 10138½m), though such limitation is not contained in the Alaska Prohibition Act (Comp. St. § 3643b et seq.); the national act controlling where the two are inconsistent.

Appeal from the District Court of the United States for the Fourth Division of the Territory of Alaska; Cecil H. Clegg, Judge.

Criminal prosecution by the United States against Ole Berkeness. Judgment for defendant, and the United States appeals. Affirmed.

Julien A. Hurley, U. S. Atty., and Earnest B. Collins, Asst. U. C. Atty., both of Fairbanks, Alaska.

Fred D. Crane, of Fairbanks, Alaska, for appellee.

Before GILBERT and RUDKIN, Circuit Judges, and JAMES, District Judge.

JAMES, District Judge. This appeal, taken by the United States, presents the question as to whether a search warrant may be issued under the provisions of the Bone Dry Act (Comp. St. § 3643b et seq.), affecting only Alaska Territory, where the place to be searched is used as a dwelling, without a showing first made under oath that intoxicating liquor is being sold therein. The National Prohibition Act (section 25, title 2 [Comp. St. § 10138½m]) requires such evidence to be presented before a search warrant shall issue.

The action was one authorized to be brought under the Alaska Dry Act, which declares any place to be a nuisance where alcoholic liquors are "manufactured, stored, sold, or vended, given away or vended contrary to law." Sections 19, 20, 39 Stats. 903 (Comp. St. §§ 3643k, 3643kk). The District Judge sustained a preliminary motion of appellee to exclude evidence as to liquor found in a cabin occupied by appellee on the ground that such evidence was illegally secured. Rulings followed sustaining objections to the offer made by the district attorney to show that the liquor seized as evidence was taken under a search warrant issued upon the sworn statements of witnesses. The affidavits were sufficient in their statement of facts under the terms of the Alaska Prohibition Act to justify the issuance of the search warrant. Section 17, act above cited (Comp. St. § 3643j).

That the National Prohibition Act did not work a repeal of the prohibition law, made specially for Alaska, has been decided in several cases in this circuit. Abbate v. United States (C. C. A.) 270 F. 735; Simpson v. United States (C. C. A.) 290 F. 963; Peterson v. United States (C. C. A.) 297 F. 1000. In the Peterson Case the conclusion of the court was thus summed up (page 1001): "The two laws, National Prohibition Act and Alaska Dry Law, are in force in Alaska, with the qualification that, if there are inconsistencies in any of their provisions, the National Prohibition Act must prevail."

The inconsistency which will nullify the law applicable to the local territory must be one concerned with the main purpose of the National Act, so that its effect upon a right conferred or restriction declared will be to diminish or relax either. Intoxicating liquor, by permit, may be possessed under the terms of either act for certain purposes. Under

neither act may intoxicating liquor be otherwise possessed. So it will not do to adopt the argument of counsel for the government that the search warrant provisions of the National Prohibition Act have to do with conditions different and inapplicable to the enforcement of the Alaska Dry Law. The purpose, as we here conceive it to be, of Congress when it adopted the National Prohibition Act, and provided particularly what the conditions to a search of a private dwelling should be, was to occupy that ground fully, and to the exclusion of laws of such local effect as that here considered. So acting, it impressed a limitation on the right to search a private dwelling, which is available to residents of Alaska equally with those in other portions of the United States.

The decree of dismissal is affirmed.