UNITED STATES *v.* BERKENESS.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS. FOR THE NINTH CIRCUIT.

No. 175.   Argued October 11, 1927.—Decided November 21, 1927.

1. The provision of the National Prohibition Act that no warrant shall issue to search any private dwelling occupied as such unless it is being used for the unlawful sale of intoxicating liquor or is in part used for some business purpose, supersedes *pro tanto* the Act of February 14, 1917, applicable to Alaska alone.  P. 151.
2. A provision in an earlier special act must give way when hostile to a definite policy declared in a later general act.  P. 155.
16 F. (2d) 115, affirmed.

Certiorari, 274 U. S. 727, to a judgment of the Circuit Court of Appeals affirming a judgment of the District

Court for Alaska in favor of Berkeness, in a suit by the United States under the Alaska liquor law to abate a nuisance alleged to be maintained in his dwelling house.

*Assistant Attorney General Willebrandt*, with whom *Solicitor General Mitchell* and *Mr. Mahlon D. Kiefer*, Chief Attorney, Department of Justice, were on the brief, for the United States.

No appearance for respondent.

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

This proceeding was begun by the U. S. Attorney in the District Court for Alaska to enjoin and abate a nuisance said to be maintained in Berkeness' private dwelling at Fairbanks.

The complaint alleges: That on the fifth day of May, 1925, the defendant "had in his possession at and in said premises intoxicating liquor, to wit, beer and wine, and was engaged therein, in manufacturing intoxicating liquor, to wit, beer, which said liquor was kept and stored in said premises and was being manufactured therein by said defendant, in violation of the provisions of the Act of Congress, approved February 14, 1917, commonly known as the Alaska Dry Law, and particularly in violation of Sections 19 and 20 of said Act.

"That said defendant has for a long time prior to the 5th day of May, 1925, kept and maintained said premises as a common and public nuisance, and has, during said time, kept intoxicating liquor in his possession, and stored in said premises." It was dismissed because unsupported by competent evidence.

A warrant, issued May 5, 1925, by the U. S. Commissioner at Fairbanks, commanded the Marshal to search the premises then occupied by Berkeness as a private dwelling for intoxicating liquors, alleged there to be kept,

possessed and stored by him contrary to the Act of Congress approved February 14, 1917. The preceding affidavits did not charge the use of the dwelling for unlawful *sale* of intoxicants or for any business purpose. The trial court declared the warrant invalid and rejected all evidence obtained thereby. This action met approval by the Circuit Court of Appeals.

An Act of Congress " To prohibit the manufacture or sale of alcoholic liquors in the Territory of Alaska, etc.," approved February 14, 1917, c. 53, 39 Stat. 903, provides—

" That on and after the first day of January, anno Domini nineteen hundred and eighteen, it shall be unlawful for any person, house, association, firm, company, club, or corporation, his, its, or their agents, officers, clerks, or servants, to manufacture, sell, give, or otherwise dispose of any intoxicating liquor or alcohol of any kind in the Territory of Alaska, or to have in his or its possession or to transport any intoxicating liquor or alcohol in the Territory of Alaska unless the same was procured and is so possessed and transported as hereinafter provided."

" Sec. 13. That it shall be unlawful for any person owning, leasing, or occupying or in possession or control of any premises, building, vehicle, car, or boat to knowingly permit thereon or therein the manufacture, transportation, disposal, or the keeping of intoxicating liquor with intent to manufacture, transport, or dispose of the same in violation of the provisions of this Act."

" Sec. 17. That if one or more persons who are competent witnesses shall charge, on oath or affirmation, before the district attorney or any of his deputies duly authorized to act for him, presenting that any person, company, copartnership, association, club, or corporation has or have violated or is violating the provisions of this Act by manufacturing, storing, or depositing, offering for sale, keeping for sale or use, trafficking in, bartering, ex-

changing for goods, giving away, or otherwise furnishing
alcoholic liquor, shall request said district attorney or any
of his assistants duly authorized to act for him to cause
to be issued a warrant, said attorney or any of his assist-
ants shall cause to be issued such warrant, in which war-
rant the room, house, building, or other place in which
the violation is alleged to have occurred or is occurring
shall be specifically described; . . ."

"Manufacture, sale, or transportation of intoxicating
liquors within, the importation thereof into, or the expor-
tation thereof from the United States and all territory
subject to the jurisdiction thereof for beverage purposes"
is forbidden by the Eighteenth Amendment.

The National Prohibition Act of October 28, 1919, "To
Prohibit Intoxicating Beverages, etc.," c. 85, Title II, 41
Stat. 305, 307, provides—

"Sec. 3. No person shall on or after the date when
the eighteenth amendment to the Constitution of the
United States goes into effect, manufacture, sell, barter,
transport, import, export, deliver, furnish or possess any
intoxicating liquor except as authorized in this Act, and
all the provisions of this Act shall be liberally construed
to the end that the use of intoxicating liquor as a beverage
may be prevented."

"Sec. 21. Any room, house, building, boat, vehicle,
structure, or place where intoxicating liquor is manufac-
tured, sold, kept, or bartered in violation of this title, and
all intoxicating liquor and property kept and used in
maintaining the same, is hereby declared to be a common
nuisance, and any person who maintains such a common
nuisance shall be guilty of a misdemeanor and upon con-
viction thereof shall be fined not more than $1,000 or be
imprisoned for not more than one year, or both. . . ."

"Sec. 22. An action to enjoin any nuisance defined in
this title may be brought in the name of the United
States by the Attorney General of the United States or

by any United States attorney or any prosecuting attorney of any State or any subdivision thereof or by the commissioner or his deputies or assistants. . . ."

"Sec. 25. It shall be unlawful to have or possess any liquor or property designed for the manufacture of liquor intended for use in violating this title or which has been so used, and no property rights shall exist in any such liquor or property. A search warrant may issue as provided in Title XI of public law numbered 24 of the Sixty-fifth Congress, approved June 15, 1917, and such liquor, the containers thereof, and such property so seized shall be subject to such disposition as the court may make thereof. If it is found that such liquor or property was so unlawfully held or possessed, or had been so unlawfully used, the liquor, and all property designed for the unlawful manufacture of liquor, shall be destroyed, unless the court shall otherwise order. No search warrant shall issue to search any private dwelling occupied as such unless it is being used for the unlawful sale of intoxicating liquor, or unless it is in part used for some business purpose such as a store, shop, saloon, restaurant, hotel, or boarding house. . . ."

"Sec. 33. After February 1, 1920, the possession of liquors by any person not legally permitted under this title to possess liquor shall be prima facie evidence that such liquor is kept for the purpose of being sold, bartered, exchanged, given away, furnished, or otherwise disposed of in violation of the provisions of this title. . . . But it shall not be unlawful to possess liquors in one's private dwelling while the same is occupied and used by him as his dwelling only and such liquor need not be reported, provided such liquors are for use only for the personal consumption of the owner thereof and his family residing in such dwelling and of his bona fide guests when entertained by him therein; and the burden of proof shall be upon the possessor in any action concerning the same to

prove that such liquor was lawfully acquired, possessed, and used."

"Sec. 35. All provisions of law that are inconsistent with this Act are repealed only to the extent of such inconsistency and the regulations herein provided for the manufacture or traffic in intoxicating liquor shall be construed as in addition to existing laws. . . ."

Chapter 134, "An Act Supplemental to the National Prohibition Act," approved November 23, 1921, 42 Stat. 222, declares—

"Sec. 3. That this Act and the National Prohibition Act shall apply not only to the United States but to all territory subject to its jurisdiction, including the Territory of Hawaii and the Virgin Islands; and jurisdiction is conferred on the courts of the Territory of Hawaii and the Virgin Islands to enforce this Act and the National Prohibition Act in such Territory and Islands."

"Sec. 5. That all laws in regard to the manufacture and taxation of and traffic in intoxicating liquor, and all penalties for violations of such laws that were in force when the National Prohibition Act was enacted, shall be and continue in force, as to both beverage and nonbeverage liquor, except such provisions of such laws as are directly in conflict with any provision of the National Prohibition Act or of this Act; but if any act is a violation of any of such laws and also of the National Prohibition Act or of this Act, a conviction for such act or offense under one shall be a bar to prosecution therefor under the other. . . .

"Sec. 6. That any officer, agent, or employee of the United States engaged in the enforcement of this Act, or the National Prohibition Act, or any other law of the United States, who shall search any private dwelling as defined in the National Prohibition Act, and occupied as such dwelling, without a warrant directing such search, or who while so engaged shall without a search warrant ma-

liciously and without reasonable cause search any other building or property, shall be guilty of a misdemeanor and upon conviction thereof shall be fined for a first offense not more than $1,000, and for a subsequent offense not more than $1,000 or imprisoned not more than one year, or both such fine and imprisonment."

The court below held that by the legislation subsequent to the Act of February 14, 1917, Congress imposed "a limitation on the right to search a private dwelling which is available to residents of Alaska equally with those in other portions of the United States"; and we approve that conclusion.

Notwithstanding known difficulties attending enforcement of prohibition legislation, Congress was careful to declare in the National Prohibition Act that mere possession of liquor in one's home "shall not be unlawful" and to forbid procurement of evidence through warrants directing search of dwellings strictly private not alleged to be used for unlawful sale. The definite intention to protect the home was further emphasized by § 6, Act of 1921.

It is argued that both the Act of 1917 and the later general Act are in full effect within Alaska—one a special act for that Territory, and the other a general law for the United States and all territory subject to their jurisdiction. But the emphatic declaration that no private dwelling shall be searched except under specified circumstances, discloses a general policy to protect the home against intrusion through the use of search warrants. Certainly no adequate reason has been suggested for withholding from those who reside in Alaska the safeguards deemed essential in all other territory subject to the jurisdiction of the United States. The provision of the earlier special Act is hostile to the later declaration of Congress and must give way.

Our conclusion is entirely consistent with established canons of construction, stated and exemplified by *Henderson's Tobacco*, 11 Wall. 652; *State* v. *Stoll*, 17 Wall. 425, 431; *Rodgers* v. *United States*, 185 U. S. 83, 87; *Washington* v. *Miller*, 235 U. S. 422, and similar cases.

*Affirmed.*