## STATE v. SCOTT
(No. 1604; April 7, 1930; 286 Pac. 390)

For the appellant there was a brief by *Everett Taylor* and *Reid & More,* of Torrington, and oral argument by *Mr. More.*

440

For the State there was a brief by *Wm. O. Wilson,* Attorney General; *James A. Greenwood,* Deputy Attorney General, and *R. J. Jackson,* Assistant Attorney General, and oral argument by *Mr. Jackson.*

KIMBALL, Justice.

The defendant was convicted and sentenced on an information charging that he owned a still used, designed and intended to be used for the unlawful manufacture of intoxicating liquor in violation of Chapter 28, Laws of 1927.

The case was tried in the District Court March 20, 1929. February 16, 1929, defendant filed a motion in the form of a petition for the suppression of evidence obtained January 31 in a search of premises which he occupied as a home. The prosecuting attorney filed an ''answer'' to the petition, and defendant filed a ''reply.'' February 21 the petition was disposed of by an order reciting that the matter came on to be heard on the ''petition to suppress certain evidence obtained by an alleged unlawful search and seizure, and upon the answer and resistance of the State, and the reply thereto of the defendant,'' and the court ''having examined the files and being fully advised and informed in the premises,'' the petition was denied. The evidence was used by the State at the trial. The defendant contends that the denial of the petition to suppress was error, and that is the only question we need to consider.

The parties evidently assumed that defendant's petition to suppress was a pleading that should be answered by the State, and that the State's ''answer'' called for a reply. The petition was sworn to by defendant, the answer by the prosecuting attorney and the reply by defendant's attorney. The oath in each instance was that the statements were true as the affiant ''verily believed.'' The State now contends that the petition and reply so verified were no proof of the facts alleged (citing Smith v. Mississippi, 162 U. S. 592, 16 S. Ct. 900, 40 L. Ed. 1082), and that, as the record shows no evidence was introduced to establish such facts, the petition was properly denied. The contention cannot be sustained. We may concede that the petition and reply were not proof of the facts alleged, but we think all the material facts on which the defendant relied were either admitted by the so-called answer of the prosecuting attorney or shown by the search warrant and the affidavit that caused the issuance of the warrant.

In the petition to suppress it was alleged that the search warrant was issued without probable cause. If that was

so, the evidence obtained by the search should have been suppressed. State v. Peterson, 27 Wyo. 185, 194 Pac. 342, 13 A. L. R. 1284; State v. George, 32 Wyo. 223, 231 Pac. 683.

The admitted facts are these. On the filing of an affidavit with a justice of the peace, a search warrant was issued for the search of defendant's home premises including his dwelling house and other buildings. In execution of the warrant, the sheriff and assistants searched the premises and seized the property described in the return of the warrant. The seized property was held by the sheriff for use as evidence in the trial of defendant on the charge of owning a still. The affidavit filed with the justice of the peace was in the following form:

"Before me, Francis E. Johnston one of the Justices of the Peace, in and for said County, personally appeared Harold F. DeWitt who being duly sworn according to law, deposes and says, that on or about the 31st day of December, 1928, A. D., in the County and State aforesaid, that intoxicating liquors to-wit: One pint contained in glass bottle or jar, one quart contained in glass bottle or jar; one-half gallon contained in glass bottle or jar; one gallon contained in glass bottle or jar; and one gallon or more contained in wooden keg, commonly called moonshine whiskey; a quantity of fermented mash contained in a jar or wooden keg or barrel, intended for use in the illegal manufacture of intoxicating liquor, and one complete still used, designed and intended to be used for the illegal manufacture of intoxicating liquor, commonly called moonshine whiskey, are manufactured, possessed, sold, furnished or given away, contrary to law in a certain building, dwelling house, cave, hen-house, dug-out, garage and other out building; located and situated on the NE¼ N½ SE¼ SE ¼ SW¼ NE¼ SW¼ Section 35 Township 26N Range 62 West Meridian, in Goshen County, State of Wyoming, for the purpose of being sold, furnished, possessed or given away contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the State of Wyoming."

444

The command of the search warrant was as follows:

"To the Sheriff or any Constable of said County Greetings:
"Whereas, there has been filed with me the undersigned, a complaint of which the annexed is a true copy: You are therefore commanded in the name of the State of Wyoming, together with the necessary and proper assistance, to enter the premises described as: dwelling house, barn, cave, hen-house, dug-out, garage or other out building, located and situated on the NE¼ N½ SE¼ SE¼ SW¼ NE¼ SW¼ Section 35 Township 26N Range 62 West Meridian, in Goshen County, and State of Wyoming, and you are hereby commanded forthwith to apprehend any and all persons, and there search for said intoxicating liquors, fermented mash, used still, and implements described in said complaint, and you bring the said intoxicating liquors, fermented mash, used still, and implements or any part thereof, found in such search before me, to be disposed of and dealt with according to law."

In the search of defendant's premises the sheriff found and seized two and one-half pints of moonshine whiskey, 1 pressure cooker, 2 gasoline burners with attached pressure tanks, and 10 empty pint bottles.

The most noticeable peculiarity of the affidavit and warrant is that they are printed forms, with nothing changed or stricken and very little added. The affidavit is entirely printed except the names of the justice of the peace and the affiant; the date, 31st of December, 1928, and the description by governmental subdivisions of 320 acres of land. The warrant is entirely printed except the description of the land. Disapproving of the practice of using forms of this kind in a case of an arrest for vagrancy, Chief Justice Campbell, in Sarah Way's Case, 41 Mich. 299, 301, 1 N. W. 1021, said:

"The remarkable character of such a complaint is only explained by the fact that it is entirely a printed form, except as to names and dates. It certainly is not such a document as ought to be presented under the constitu-

tional provision requiring that no warrant shall issue without probable cause. Such comprehensive and wholesale swearing to a whole catalogue of conditions, some of which cannot possibly have been known to the complainant, and none of which are specific, and the habitual use of such documents, evident from the printed forms of complaint and commitment, are not calculated to recommend the proceedings to favorable consideration.''

·And in Lippman v. People, 175 Ill. 101, 112, 51 N. E. 872, 875, the court, considering a printed complaint and warrant for search, said:

''The complaint and warrant are each a printed form not intended to describe a particular offense, but made in advance to fit all cases, ready to be sworn to, without regard to the facts of particular cases. The property charged to be in the possession of the defendant and directed to be seized and brought before the court is a part of the printed matter, for use on all occasions. The printed complaint describes the property as 'four hundred of said bottles and forty of said cases and boxes,' and the warrant as 'said forty casks, barrels, kegs, boxes and said four hundred bottles, or some part thereof.' No wonder there should be a variance between such an affidavit or warrant and the facts of the particular case, as there was here.''

We need not attempt a grammatical analysis of the allegations of the affidavit. It was evidently intended to state a set of facts that would cause the issuance of a warrant in every case where it was desired to search for whiskey or articles used in its manufacture. The use of such a form without any effort to make it fit the particular case, shows an intention to treat too lightly the constitutional provisions designed to prevent unreasonable searches and seizures, and forbidding the issuance of a warrant except upon probable cause supported by affidavit particularly describing the place to be searched and the thing to be seized. Const. Wyo. Art. 1, Sec. 4.

The affidavit was sworn to and filed with the justice of the peace, and the search warrant issued, on January 31,

1929. It will be noticed that the affidavit seems to allege knowledge of a state of affairs on December 31, 1928. While the defendant makes no mention of this point, we may say in passing that a search warrant is issued to seize a thing alleged to be at that time in the place to be searched (State v. Guthries, 90 Me. 448, 38 Atl. 368), and it would be at least doubtful whether an affidavit of conditions one month before would be a sufficient showing of probable cause. See, State v. Gardner, 74 Mont. 377, 240 Pac. 984; Dandrea v. United States, (C. C. A. 7th) 7 Fed. (2d) 861.

The right of security against unreasonable searches of the home or dwelling is given particular recognition in both the national and state prohibition laws. The national act (Title 2, Sec. 25) provides that no warrant shall issue to search any private dwelling occupied as such ''unless it is being used for the unlawful sale of intoxicating liquor, or unless it is in part used for some business purpose such as a store, shop, saloon, restaurant, hotel, or boarding house.'' See, United States v. Berkeness, 275 U. S. 149, 48 S. Ct. 46, 72 L. Ed. 211. The state law provides that ''no warrant shall be issued to search a private dwelling, occupied as such, unless some part of it is used as a store, storage-room, shop, hotel or boarding house, or other purpose than a private residence, or unless such private dwelling is a place of public resort, or where intoxicating liquors are manufactured, sold, kept for sale, or given away in violation of this act.'' Sec. 32, Ch. 117, Laws 1921; State v. Crump, 35 Wyo. 41, 45, 246 Pac. 241. It has been held that a warrant insufficient to permit the search of the dwelling is wholly void, and therefore insufficient to permit a search of any part of the premises. United States v. Leach, (D. C. Del.) 24 F. (2d) 965; State v. Pierce, (Mo. App.) 269 S. W. 406.

The affidavit in the case at bar was accepted as a sufficient showing of probable cause for the issuance of a warrant for the search of defendant's lands and buildings, including his dwelling. It does not contain any statement

that the dwelling is used as a store, etc., or for a purpose other than a private residence, or that it is a place of public resort. The affidavit apparently was intended to charge that several things, including moonshine whiskey, "are manufactured, possessed, sold, furnished or given away, contrary to law" in several structures including the dwelling as well as the hen house. The use of the disjunctive "or" with the word "possessed," shows, we think, that the person who prepared the printed form did not have in mind the statutory provision in relation to the search of private dwellings. The statute clearly does not authorize a search of the dwelling merely because intoxicating liquor is there possessed. It must be manufactured, sold, kept for sale or given away in violation of the act. The affidavit for a search warrant must be strictly construed, especially when the right of security against search of the dwelling is in question. See, United States v. Palma, (D. C. Mass.) 295 Fed. 149. The statement in the alternative—that liquor is possessed or manufactured, etc.—does not charge anything more than possession. See Staker v. United States, (C. C. A. 6th) 5 Fed. (2d) 312. It is a general rule of pleading that when allegations are in the alternative each alternative must be good. Knoor v. Reineke, 38 Ida. 658, 224 Pac. 84, and cases cited.

On the point last discussed, the state calls our attention to the case of State v. Crump, 35 Wyo. 41, 246 Pac. 241, wherein it was held that it was unlawful to possess, even in one's dwelling, intoxicating liquor illegally manufactured. There is nothing in the opinion in that case that would indicate that a warrant for search of a private dwelling could be issued on a mere allegation of possession. The defendant's home had been searched, but he failed to make proper objection. The decision contains at least an intimation that the search was illegal and that the evidence obtained by the search would have been suppressed on proper objection. Though the evidence showed defendant's possession of moonshine whiskey in his home, the

court said (p. 47 of 35 Wyo., 246 Pac. 241, 242) "there was not the slightest evidence to show any fact which, under the prohibition law, would constitute an exception to the provisions thereof with reference to the keeping of liquor in a home or the issuance of a warrant for the search of a private dwelling place." It is unnecessary to cite the many other cases holding that evidence obtained by an illegal search may be suppressed, though the property seized may have been possessed in violation of the law. See United States v. Berkeness, 275 U. S. 149, 48 S. Ct. 46, 72 L. Ed. 211.

The state argues that in considering the affidavit for the search warrant the word "possessed," wherever used, should be taken to mean "kept for sale." We know that a thing may be possessed without being kept for sale. The law clearly recognizes the distinction between the two terms. Possession of intoxicating liquors is often mentioned in the prohibition law; but possession, unless for sale, is not enough to justify the issuance of a warrant to search a private dwelling. We cannot give the word "possessed," as used in the affidavit a broader meaning than it has in the law.

The state contends that the petition for suppression of the evidence was defective because the defendant did not claim to own the property seized. Several cases are cited but none supports the contention. It was admitted that the property mentioned in defendant's petition had been seized on premises occupied by him and his family, and that it would be used as evidence against defendant. He did not ask a return of the property. It was not necessary that he claim ownership of it. In Agnello v. United States, 269 U. S. 20, 46 S. Ct. 4, 70 L. Ed. 145, 51 A. L. R. 409, the defendant not only failed to claim the property seized, but expressly denied any knowledge or ownership of it; yet the court held that evidence obtained through the search and seizure could not be used against defendant.

We are of opinion that the petition to suppress the evidence obtained in the search of defendant's premises ought to have been granted. The state claims that, because the defendant did not renew his objection when the evidence was offered at the trial, he cannot now complain. The defendant was allowed an exception to the order denying his petition to suppress. He is entitled to rely on that exception, unless he waived the right by his failure to make the same, objection when the evidence was offered at the trial. We agree with the statement in regard to a similar situation in Giles v. United States (C. C. A. 1st) 284 Fed. 208, 209: "There was no occasion for the defendant's counsel, by repetition, to harass the court that had already ruled and saved the defendant's rights." Other cases pointing the same way are those holding that defendant must reserve and rely on an exception to the motion to suppress made before the trial and is "not entitled to delay the trial by again raising the same question," (Nelson v. United States, 18 Fed. (2d) 522, 524) and that the ruling on the preliminary motion is *res judicata*, (State v. Zugras, 306 Mo. 492, 267 S. W. 804). The opposite view was taken in Robertson v. State, 94 Fla. 770, 114 S. W. 534, where it was said that the functions of the preliminary motion to suppress are to establish a foundation for an objection at the trial, and to enable the trial judge to determine what ruling should be made on the objection. Robertson v. State was followed in Chandler v. State, (Ind. App.) 166 N. E. 289, though it is not entirely clear whether the record in the latter case showed an exception to the denial of the motion to suppress. Both these decisions appear to rest somewhat on Dukes v. Com., 196 Ky. 60, 244 S. W. 74. In Kentucky, however, it is held that the proper and only time to raise the question that evidence was obtained by illegal search is at the trial. The preliminary motion to suppress is not permitted. Youman v. Com., 189 Ky. 152, 224 S. W. 860, 13 A. L. R. 1303; Com. v. Meiner, 196 Ky. 840, 245 S. W. 890. The opinion in the Chandler case

cites State v. Hartness, 147 Wash. 315, 265 Pac. 742, but the Washington case is clearly distinguishable. The order on the preliminary motion to suppress was not absolute, but only tentative, and the evidence on which the court acted was not before the appellate court.

We are of opinion that in our practice the preliminary petition to suppress is for the purpose of obtaining a decision on the question whether or not the evidence can be used by the state. When the question is decided by an unqualified denial of the petition, and the defendant then excepts to the decision, we do not think he loses the benefit of the exception by a mere failure to object to the evidence when offered by the state on the trial.

The judgment is reversed and the case remanded for further proceedings consistent with this opinion.

BLUME, Ch. J., and RINER, J., concur.