STANWORTH et ux. v. UNITED STATES.

No. 6123.

Circuit Court of Appeals, Ninth Circuit.

Nov. 17, 1930.

George B. Grigsby, of Ketchikan, Alaska (Robert W. Jennings, of Sacramento, Cal., of counsel), for appellants.

Howard D. Stabler, U. S. Atty., of Juneau, Alaska, and Geo. J. Hatfield, U. S. Atty., and Raymond H. Schubert, Asst. U. S. Atty., both of San Francisco, Cal.

Before RUDKIN and WILBUR, Circuit Judges, and JAMES, District Judge.

RUDKIN, Circuit Judge.

■ This is an appeal from a judgment of conviction under the so-called Bone Dry Act of Alaska (39 Stat. 903 [48 USCA §§ 261–291]). The sole contention made in support of the appeal is that the act under which the conviction was had has been superseded by the National Prohibition Act (27 USCA). It is conceded that this court has decided otherwise in Abbate v. United States, 270 F. 735; Koppitz v. United States, 272 F. 96; Simpson v. United States, 290 F. 963, certiorari denied, 263 U. S. 707, 44 S. Ct. 35, 68 L. Ed. 517; Peterson v. United States, 297 F. 1000, and inferentially in United States v. Berkeness, 16 F.(2d) 115, affirmed on certiorari, 275 U. S. 149, 48 S. Ct. 46, 72 L. Ed. 211. The apology offered for again trespassing on the time of the court is that the Abbate and Koppitz Cases were decided before the National Prohibition Act was extended to the territory of Alaska by the Willis-Campbell Act (42 Stat. 223 [27 USCA § 2]), and that the later cases simply reaffirm the earlier ones without discussion.

There is no merit in this contention. In both the majority and dissenting opinions in the Abbate Case, it was assumed, and we think rightly, that the National Prohibition Act was extended to the territory of Alaska by virtue of section 3 of the Organic Act of August 24, 1912 (37 Stat. 512 [48 USCA § 23]), which provides that the Constitution of the United States and all the laws thereof which are not locally inapplicable shall have the same force and effect within the territory as elsewhere in the United States. Indeed, if the National Prohibition Act was not then in force in the territory of Alaska, there was no basis whatever for the claim that it superseded the existing Bone Dry Law, because there could in that event be no conflict between the two acts.

In the course of the opinion in the Abbate Case, this court stated that, in enacting the Bone Dry Law for Alaska, Congress was pursuing its policy of prohibition in Indian country, and it is now contended that such was not the purpose at all. This may or may not have been the purpose and reason for the enactment, but the law was at least enacted to supply some local need, real or apparent, and the result is the same.

■ The appellee has interposed a motion to dismiss the appeal for want of jurisdiction. Under section 128 of the Judicial Code, as amended (28 USCA § 225), this court is without jurisdiction to review judgments of the District Courts for Alaska in criminal cases unless the offense charged is punishable by imprisonment for a term exceeding one year, or by death, or unless the case is one wherein the Constitution or a statute or treaty of the United States, or any authority exercised thereunder, is involved. It would seem that the question whether one act of Congress or another is in force in the territory of Alaska is a federal one, but be that as it may, the question has been so often decided by this court that it has ceased to be a substantial one. Fukunaga v. Territory (C. C. A.) 33 F.(2d) 396.

The appeal is dismissed.