## Terrell v. Commonwealth.

(Decided October 31, 1922.)

## Appeal from Madison Circuit Court.

1. Intoxicating Liquors—Search Warrant—Evidence—Competency. —Where on the appellant's trial under an indictment for unlawfully having in his possession spirituous liquors for sale, it was shown by the evidence in behalf of the Commonwealth that whiskey was discovered in his residence by a search thereof, made by an officer of the law under a search warrant authorizing the search, duly issued by a judicial officer, and which, at the time of its execution, was shown to and read by or to the appellant, or its contents made known to him; and the warrant, together with the officer's return thereon showing its due execution, was introduced in evidence on the trial, the failure of the Commonwealth to also introduce in evidence the affidavit, or affidavits, containing the information upon which the search warrant was issued by the judicial officer, did not render the search warrant, or proof of the action had thereunder, incompetent as evidence, or entitle the appellant to a directed verdict of acquittal; and the trial court did not err in so ruling.

2. Intoxicating Liquors—Search Warrant—Defenses—Burden of Proof.—While a search warrant must be issued upon information furnished by affidavit or affidavits of the character prescribed by the Constitution and laws of the state, if it is issued by an officer authorized by law to issue such a writ, and is sufficient in its terms and regular upon its face, the same presumption respecting its validity must prevail that is required by law to be accorded any other process, civil or criminal, that is regular on its face; and if the information upon which a search warrant is issued, is so defective or insufficient as to render the warrant invalid, that fact can and must be relied on by way of defense and established by evidence introduced by the defendant, as he must assume the burden of proving any other ground of defense upon which he relies.

3. Intoxicating Liquors—Search Warrant—Contents of Affidavits—Parol Evidence.—As the search warrant and affidavits upon which it is issued, are required by law to be kept on file and preserved by the judicial officer who issued the warrant, and are, therefore, to be considered as accessible to the defendant, he may by rule, or other process, require the production on his trial of such affidavits for use as evidence in his behalf; or, if lost or destroyed, he may, upon satisfactory proof thereof, prove by parol evidence the contents of such affidavits.

R. C. OLDHAM for appellant.

CHAS. I. DAWSON, Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellant, Curtis Terrell, and Della Terrell, his wife, were jointly indicted in the court below for the offense of having in their possession for sale intoxicating liquors. On their joint trial the wife was acquitted, but the husband found guilty by verdict of the jury, which fixed his punishment at a fine of $300.00, and sixty days' confinement in jail. He has appealed and asks a reversal of the judgment on the grounds: (1) That the verdict was contrary to law and the result of passion and prejudice on the part of the jury; (2) error of the trial court in admitting incompetent evidence against the appellant; (3) in refusing him a new trial.

As the evidence of the Commonwealth clearly established the appellant's guilt of the offense charged and the punishment imposed by the verdict was less than the maximum punishment that might have been inflicted under the statute, no reason is apparent for declaring the verdict the result of passion or prejudice. The second ground for the reversal of the judgment is equally lacking in merit. The evidence proved the finding by the officers of the law of whiskey in appellant's house and that it appeared to have been kept for sale. It was discovered by searching the house under authority of a search warrant, issued by a justice of the peace and exhibited to and read by the appellant before his house was searched. The warrant described the premises to be searched, gave the name of the appellant as owner, stated the object of the search to be made under it and was in all respects regular and sufficient on its face. It was likewise introduced in evidence and read to the jury on the trial. The appellant's objection to its admission and to all evidence regarding the search for and discovery of the whiskey, seems to be based on the ground that it was incompetent, because its introduction was unaccompanied by that of the affidavits containing the information upon which it was issued. This objection cannot avail the appellant, as the search warrant was sufficient on its face to authorize its due execution by the officer to whom it was directed. While the information upon which a search warrant is issued must be furnished by affidavits of the character required by the Constitution and laws of the state and as described in the opinion in Price v. Commonwealth, 195 Ky. 711, if the search

warrant is regular and sufficient in its terms and upon its face and is issued by an officer authorized by law to issue such writ the same presumption respecting its validity must prevail that is required by law to be accorded any other process, civil or criminal, that is regular on its face; and if the information upon which it was issued is so defective or insufficient as to render the warrant invalid, that fact can and must be relied on by the defendant by way of defense, and be established by evidence introduced by him, just as he must assume the burden of proving any other ground of defense upon which he relies.

The affidavits upon which a search warrant is issued, and the warrant as well, must be kept on file and preserved by the judicial officer who issues the warrant and are therefore to be considered as accessible to the defendant, and all others, and if he would use them as evidence in his defense, he may by rule or process require the production of such affidavits as evidence on his trial, or if lost or destroyed he may, upon proof thereof, show by parol evidence the contents of such affidavits.

The refusal to appellant of a new trial upon the ground of accident and surprise was not error. After learning as he did from the search warrant when it was executed, and again when it was read in evidence on the trial, the name of the magistrate by whom it was issued and through whom he could have required the production at the trial of the affidavits upon which it was issued and then shown their alleged insufficiency, it does not lie in his mouth to say that he was surprised by the failure of the Commonwealth to introduce them as evidence on the trial. No diligence whatever on the part of the appellant was shown by the affidavits offered in support of his motion for a new trial.

Judgment affirmed.