## Commonwealth v. Meiner.

(Decided December 15, 1922.)

### Appeal from Campbell Circuit Court.

1.   Intoxicating Liquors—Evidence—Competency.—Trial courts are without authority, under the practice in this state, to suppress evi-

dence or prohibit its introduction before it is offered on the trial, since the question of its competency must be made by objection to its admission when offered.

2. Intoxicating Liquors—Evidence—Illegal Search Warrant.—Facts discovered in the execution of an illegal search warrant, or by an unauthorized search, are, if objected to, incompetent as evidence; but if they were discovered by a search to which the accused consented, or to which consent was given by the one lawfully possessed of the thing searched, they are admissible.

CHAS. I. DAWSON, Attorney General, THOS. B. McGREGOR, Assistant Attorney General, and LAWRENCE J. DISKIN for appellant.

OPINION OF THE COURT BY JUDGE MOORMAN—Reversing.

Jake Meiner was indicted in the Campbell circuit court, under section 1967, Carroll's Kentucky Statutes, 1922, for suffering and permitting certain machines and contrivances, known as slot machines, to be kept and operated on the premises under his control, whereby money and property and other things of value were won and lost. Under a plea of not guilty the case was called for trial, but, before any evidence was introduced, the accused moved the court to prohibit the introduction of the evidence in possession of the Commonwealth, on the ground that it was obtained under an unauthorized search and seizure and without warrant, judicial order or other process of law.

On the disclosure in chambers of the evidence objected to, the motion was sustained, and thereupon the Commonwealth attorney stated, in open court, that he had no other evidence that could be introduced. The indictment was then dismissed on motion of the accused, and from that order the Commonwealth has appealed.

The evidence shows that officers of the Kentucky National Guard, then on duty at Newport, had received information that liquor was stored in a garage belonging to or in the possession of Meiner, at 516 Elm street, Newport. Captain Roy W. Easley testified that he went to the building and inquired where he could get the key, and some one told him that Mr. Meiner was coming down the street and would be there in a minute or two. The witness said: "I told him I wished to get in and look around; I understood he had some whiskey. He said I was welcome to go in, that he did not have any whiskey.

I went inside and searched all over the garage, and just as I started to go out I found two slot machines covered up with sacks or some kind of old clothing and I took those." On cross-examination he said: "I told him I understood that there was whiskey in the garage and I wanted to get in, and he said, 'I have the key, there is none in there, you can look and see.' " The proof shows that Meiner opened the door, and, while an attempt is made to prove that he did so because of a threat to break in, there is no evidence of any such threat. On the contrary the testimony clearly indicates that Meiner, when informed of Easley's purpose in coming to the place, consented to the search, if in fact he did not invite it.

Evidently the trial court regarded the search as forcible, and on that theory sustained the motion to suppress the evidence that the Commonwealth proposed to introduce. The action of the trial court in suppressing this evidence, whether it would or would not be competent on the trial, is unauthorized under the practice in this state. The competency of evidence unlawfully acquired, or procured in the execution of an unlawful search warrant, cannot be drawn in question before it is offered on the trial. Youman v. Commonwealth, 189 Ky. 152; Dukes v. Commonwealth, 196 Ky. 60. The practice in the Federal courts is different, but in this state it is ruled, in the decisions just referred to, that the competency of the evidence can only be challenged when offered on the trial. It is then a question for the court, and undoubtedly it is proper for the court to hear the evidence in chambers for the purpose of determining its admissibility. But under our practice the question cannot be raised until the evidence is offered.

The main complaint of the Commonwealth is that the court erred in holding the evidence incompetent. There is some conflict of authority as to the admissibility of facts discovered in the execution of an illegal search warrant or by an unauthorized search. In this state it is held that they are inadmissible. Youman v. Commonwealth, 189 Ky. 152, and Ash v. Commonwealth, 193 Ky. 452. The foundation of the rule, as stated in the two cases just cited, is that a court of justice will not accept in evidence facts illegally procured. A necessary correlative is that facts lawfully obtained will be admitted. In the Ash case, *supra,* it was said: "And likewise may such evidence be introduced if developed

by a search to which the accused consented, or which was consented to by one lawfully in possession of the thing searched." To the same effect are Banks v. Commonwealth, 190 Ky. 330, and Turner v. Commonwealth, 191 Ky. 825. In Commonwealth v. Riley, 192 Ky. 153, it was pointed out that to render the offered evidence inadmissible the search must either have been forcible, involving some coercion, or made through stealth and deception, or in other words against the will or consent of the accused. It is clear, therefore, that if the accused consents to the search it is not unlawful and the facts disclosed in making it are admissible.

An examination of the evidence in the case at bar convinces us that the search in question was not coercive. Indeed, it is shown in the testimony of Captain Easley that Meiner stated to the searching party that they were welcome to search the premises and opened the door. It is not inferable from the testimony that there was any force or intimidation used by the members of the party, or any withholding of the consent of the accused to the search. In these circumstances the witnesses for the Commonwealth should have been permitted to testify to what they discovered in making the search and to introduce in evidence the gambling devices that were taken. The ruling to the contrary was accordingly erroneous.

The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.