## Huskins v. Commonwealth.

Dec. 12, 1944.

Joe G. Davis and Jay W. Harlan for appellant.

Eldon S. Dummit, Attorney General, and Guy H. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE HARRIS—Affirming.

Under an indictment, the sufficiency of which he does not question, the appellant was found guilty of breaking into the Lexington Avenue Baptist Church, Danville, and stealing articles of value therefrom. The penalty imposed was the minimum, one year. On this appeal he complains: (1) That he was entitled to a peremptory instruction; (2) that the court was in error in not giving an instruction on drunkenness; and (3) that the evidence did not justify and does not support the verdict.

The Commonwealth's evidence clearly and amply established the breaking, the entry, and the theft. In fact, the appellant does not question the sufficiency of the Commonwealth's case in these particulars. His complaint is simply that the evidence was not sufficient to connect him with the crime; or, if it was, it was equally sufficient to show that he was too drunk to be conscious of his acts.

An examination of the record reveals the appellant's protestations to be without merit. The Commonwealth's evidence was: That there were bloodstains on the broken window and within the basement at the place from which the articles had been stolen; that on the following Monday morning most of the stolen articles were found in appellant's possession, or in the possession of persons to whom he admitted giving them; that appellant had reasonably fresh cuts on each hand. The appellant's testimony was to the effect that on the Saturday in question he found the stolen articles near a tree just back of the Church, where he stopped and took a drink on his way home; that he did not break the window, or enter the Church, or have any connection whatsoever with either the breaking or the theft; that while he was drinking upon the occasion, he was not drunk, and had not told the officer that he was drunk; that the cuts upon his hands had been sustained while he was sharpening a razor; that he had made no attempt at concealment of the articles alleged to have been stolen. With respect to his non-concealment of the articles, and with respect to his experience with the razor, he had some supporting testimony.

From what has been said it will be seen that while there was no evidence upon which to predicate an instruction on drunkenness, there was ample evidence to

608

make the case one for the jury. As well said by Judge Thomas in the case of Owen v. Commonwealth, 181 Ky. 257, 204 S. W. 162, 164:

"It is a fundamental doctrine of the criminal law that possession of stolen goods makes at least a prima facie case of the guilt of the one in possession, and casts the burden upon him to explain his possession consistent with his innocence. In this case the only explanation is that appellant purchased the goods from Sims. It is not for us to say whether that explanation is true or false, but it might appropriately be remarked that it is the same explanation which observation and experience teaches us is a ready one in such cases. However this may be, it was a matter entirely with the jury, and it cannot be said that its verdict was not justified."

The evidence being sufficient to carry the case to the jury, it was equally sufficient to support the jury's verdict.

Judgment affirmed.