Paul **MULBERRY**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

Nov. 18, 1966.

Charles E. Carter, Owenton, for appellant.

Robert Matthews, Atty. Gen., David Murrell, Asst. Atty. Gen., Frankfort, for appellee.

STEWART, Judge.

Paul Mulberry, tried by a jury, was fined $325 for removing a fence from a boundary line in violation of KRS 433.770(2). He represented himself until this appeal was taken. No transcript of evidence is filed with us and no motion for a new trial was made in the trial court.

■ His first contention is that a fence does not constitute a monument within the meaning of KRS 433.770(2). This statutory subsection provides, in part: "Any person who willfully and knowingly, but without a felonious intent, breaks down, damages or removes any monument erected to designate * * * *the boundaries of any tract or lot of land,* or any tree, post, stone or mark planted for that purpose, shall be fined not less than ten dollars nor more than two thousand dollars." (Emphasis added.)

The question raised has never been decided in this jurisdiction. In the case of Rodgers v. Roseville Gold Dredging Co., 135 Cal.App.2d 6, 286 P.2d 536, which was an action to quiet title, the California District Court of Appeals held that a fence can be considered to be a monument. The court stated, quoting from Perich v. Maurer, 29 Cal.App. 293, 155 P. 471: " 'The fence itself is a monument, visible and obtrusive, * * *.' "

■ A monument, when used in describing land, may be defined as any physical object on the ground which helps to establish the location of the line called for. It may be either natural or artificial. Delphey v. Savage, 227 Md. 373, 177 A.2d 249.

■ Mulberry's next contention is the trial court did not instruct the jury that the verdict must be unanimous. He did not object to the instructions at the time they were submitted. Acting as counsel for himself, he did not file a motion for a new trial. In fact, he calls attention to this claimed error for the first time after bringing this case up for appellate review.

In Rice v. Commonwealth, Ky., 387 S.W. 2d 4, 6, where a similar error was alleged, and no steps were taken to call the matter to the attention of the trial court, we pointed out that as Rice, the appellant, failed to pursue a course of action which would enable the trial court to rule on his complaint as to the instructions, he cannot now ask us to consider this point for the first time. See also Hartsock v. Commonwealth, Ky., 382 S.W.2d 861, 864.

Wherefore, the judgment is affirmed.