Zackary Taylor **LUMPKINS** and Johnny Blankenship, Jr., Appellants,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

March 1, 1968.

Don B. Mills, Barbourville, for appellant.

Robert Matthews, Atty. Gen., David Murrell, Asst. Atty. Gen., Frankfort, for appellee.

OSBORNE, Judge.

This is an appeal from a judgment of the Knox Circuit Court rendered upon a jury verdict convicting appellants of possession of alcoholic beverages in local option territory for the purpose of sale, KRS 242.230. Appellant Lumpkins was convicted for a second offense, Blankenship for a first offense.

Appellants make several contentions of error relative to the sufficiency of the evidence to support the judgment, which

we believe to be without merit. They also contend that the court committed error in directing one of the appellants to answer certain questions pertaining to a previous conviction, stating that this amounted to forced testimony in violation of the appellant's constitutional rights under the fifth amendment. This contention overlooks a well-settled rule that when an accused takes the stand in his own defense, he thereby subjects himself to cross-examination and waives the right of self-incrimination for all matters pertaining to the prosecution. Here the questions were pertinent to the offense charged.

Appellants seriously contend that the search warrant under which their property was searched was invalid and therefore the evidence obtained in this search should have been suppressed. A pretrial motion for the suppression of this evidence was made and was overruled by the trial court. The search warrant which was issued by the trial judge appears in the record, however, the affidavit executed by an agent for the Alcoholic Beverage Control Board was not introduced in evidence. Appellants seriously contend that this affidavit was deficient. The affidavit appears nowhere in this record and there is no showing whence it went.

■ Had appellants adequately demonstrated in their motion to suppress the evidence that there was a strong probability the affidavit was deficient, the trial judge should have sustained the motion and conducted a hearing before the trial. See Freeman et al. v. Commonwealth, Ky., 425 S.W.2d 575, rendered October 20, 1967, wherein we held the right to a hearing on a motion to · suppress was discretionary with the trial judge. However, here the record does not disclose anything in support of the motion. There is no testimony by affidavit or otherwise in support of the allegation contained in the motion. For this reason we have no alternative but to hold that the trial court was within its discretion in overruling the motion. Where a search warrant is regular upon its face and sufficient in its terms, there is a presumption that it is valid as is the case with any other legal process. If this validity is attacked, the burden of producing evidence is upon the one who attacks it. And, when a defendant in a criminal action attacks the validity of a search warrant, he must assume the burden of proving every ground of the defense. The affidavit upon which a search warrant is issued is a part of the record in the judicial proceeding and must be kept on file as such and therefore is accessible to the defendant, who may by rule or otherwise require its production on his trial. If the affidavit is lost or destroyed this fact may be shown, whereupon the defendant may prove by parol evidence the contents of the affidavit. As appellants in this case did not avail themselves of these proceedings by showing the affidavit deficient, they cannot now be heard to complain. Boles v. Commonwealth, 304 Ky. 216, 200 S.W.2d 467; Gray v. Commonwealth, 198 Ky. 610, 249 S.W. 769; Terrell v. Commonwealth, 196 Ky. 288, 244 S.W. 703.

The judgment is affirmed.

All concur.