Charles Edward FREEMAN, and John Howard Tucker, Appellants,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 20, 1967.

As Modified on Denial of Rehearing March 29, 1968.

Kenny Grantz, Louisville, for appellants.

Robert Matthews, Atty. Gen., Darryl T. Owens, Asst. Atty. Gen., Frankfort, for appellee.

OSBORNE, Judge.

Appellants are appealing from a judgment convicting them of the offense of dwelling house breaking. They received a sentence to the penitentiary. The facts from which the conviction arose are:

On April 21, 1966, the homes of Monroe Heuman and J. Carter Stewart were broken into and robbed. Mrs. Peter Ronald, a neighbor of J. Carter Stewart, shortly prior to the breaking and entering returned home from a shopping trip and observed a car backed into her garage. Appellant Freeman approached her from her garage and inquired if she wished to hire someone for yard work. She replied in the negative and Freeman got into the car in which there was another occupant and drove away in the direction of the Stewart home, which was on a dead-end street. Because of the suspicious actions of the appellant, Mrs. Ronald took the license number of the car which she subsequently furnished to the police. After the robbery was discovered, the police armed with the information furnished by Mrs. Ronald and a description of the property stolen, checked the registration of the automobile and found that it was owned by Maynard's Auto. They proceeded to the address of this establishment at Sixth and Oak streets and upon arriving there observed the car in question being driven upon the lot. The officers approached the car which was occupied by appellants and observed in the back seat several articles which had been taken from the Stewart home. Appellants were then placed under arrest. Appellant Tucker and Freeman were charged with breaking and entering three dwelling houses. In addition, appellant Tucker was charged with breaking and entering three more dwelling houses and a store. Three of the counts against Tucker and one of the counts against Freeman were

reassigned and subsequently filed away. During the course of the trial the court directed a verdict of not guilty on two counts of dwelling house breaking against Tucker. Both appellants were found guilty on the two remaining counts of dwelling house breaking and Freeman was sentenced to five years on each to be served consecutively and Tucker to four years on each to be served consecutively, from which sentences they prosecute this appeal.

Appellants assigned six counts of error as follows:

1. The trial court should have suppressed the statements made by John H. Tucker before the trial.

2. The trial court should have discharged the jury because of improper statements made by the Commonwealth's attorney in his opening statement.

3. The trial court should have directed a verdict of acquittal on the charge of breaking into the home of J. Carter Stewart because of insufficient evidence.

4. Error committed by the court in allowing property taken from the automobile to be introduced in evidence.

5. Improper closing argument of the Commonwealth's attorney.

6. Failure to instruct in writing that the verdict must be unanimous.

We will discuss the foregoing contentions in their respective order.

Appellant contends that the trial court should have suppressed statements made by Tucker in the form of confessions before the trial because Tucker was not represented by counsel at the time these statements were made. The question of suppression of evidence prior to trial is a broad one. For those interested in pursuing the subject see 50 A.L.R.2d 583. The federal courts first dealt with this matter in 1914 in the case of Weeks v. United States, 232 U.S. 383, 34 S. Ct. 341, 58 L.Ed. 652. The holding of the Supreme Court in that case was later incor-

porated in the Federal Rules of Criminal Procedure 41(e) which now requires that a motion be made prior to trial to suppress improper evidence if the defendant has knowledge of the grounds on which to base the motion. Our Kentucky Rules of Criminal Procedure have no counterpart to 41(e). In Youman v. Commonwealth, 189 Ky. 152, 224 S.W. 860, 13 A.L.R. 1303 (1920) the contention was made that the trial court should suppress evidence concerning liquor improperly seized, we held:

"In our practice the proper time, and the only time, in which objection can be made to the introduction of evidence * * * is when it is offered during the trial, * * * *"

The question next came before the court in 1922 in Commonwealth v. Meiner, 196 Ky. 840, 245 S.W. 890. This was a prosecution for possession and operation of slot machines. Before the evidence was introduced the accused moved the court to prohibit its introduction on the grounds that it was obtained by an unauthorized search and seizure and without a warrant. The court sustained the motion in chambers following which the Commonwealth stated in open court that it had no other evidence. The indictment was dismissed by the court and upon appeal we said:

"The action of the trial court in suppressing this evidence, whether it would or would not be competent on the trial, is unauthorized under the practice in this state. The competency of evidence unlawfully acquired, or procured in the execution of an unlawful search warrant cannot be drawn in question before it is offered on the trial. Youman v. Commonwealth, 189 Ky. 152, 224 S.W. 860, 13 A.L.R. 1303; Dukes v. Commonwealth, 196 Ky. 60, 224 S.W. 74. The practice in the federal courts is different, but in this state it is ruled, in the decisions just referred to, that the competency of the evidence can only be challenged when offered on the trial."

It doesn't appear that the question was again raised until 1964 in Trevathan v. Commonwealth, Ky., 384 S.W.2d 500. At a preliminary hearing on the day of the trial, Trevathan's counsel moved the court to suppress and exclude from evidence "any and all evidence pertaining to or alluding to a knife allegedly found in an outhouse on the defendant's premises because the knife was discovered as a result of an illegal search and seizure." The trial court sustained the motion ruling the knife itself could not be admitted in evidence. The motion was overruled to the extent that it allowed reference in the testimony to be made to the finding of the knife. This court reversed, citing Mapp v. Ohio, (1961) 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, 84 A.L.R.2d 933. Although the court did not pass upon the timeliness of the objections it appears that we tolerated the motion to suppress. Even though we have no provision in our Kentucky Rules of Criminal Procedure comparable to Federal Rule 41(e) this fact should not preclude a trial court in a proper case from excluding incompetent evidence when at a pre-trial conference it is clearly apparent to the court that under no state of the facts would the evidence be competent. By so doing, the trial can in many instances be shortened and the issues simplified. In some cases it may eliminate the necessity of the trial altogether. RCr 8.16 seems to apply to this situation; it provides that "[a]ny defense or objection which is capable of determination without the trial of the general issue may be raised before trial by motion." However, the actions of a hasty judge could rule out evidence that if given a full-blown hearing might prove to be competent. This is a departure from the common law practice which required the objection to be made at the time the evidence is offered during the course of the trial.

For these reasons and in view of RCr 8.22 it seems the sounder practice today would be to leave the question of whether to suppress or not to suppress prior to trial to the discretion of the trial court reserving to this court the right to interfere only when that discretion is abused. We do not believe it was so abused in this case.

Appellant's second contention of error is that the opening statement of the Commonwealth's attorney was prejudicial in that he referred to a confession made by John H. Tucker. This statement was as follows: "As to the defendant Tucker on February 27th we will show by his own admission that he broke and entered the house of Venus Day and stole a T. V. set. And, on March the 18th, as to defendant Tucker, we will show by his own admission that he broke and entered the house of Alfred Williams and stole from that house." It will be noted that nowhere in the statement of the Commonwealth's attorney does he allude to any confessions taken or what was contained in the confession. It can be believed that this statement was made in good faith and that it referred only to what the Commonwealth expected to prove. Counsel has the right to direct the attention of the jury to all facts and circumstances that he in good faith believes will be allowed to develop in the evidence. Choate v. Commonwealth, 176 Ky. 427, 195 S.W. 1080, and Bynum v. Commonwealth, 248 Ky. 564, 59 S.W.2d 550. Appellants cite Bell v. Commonwealth, Ky., 404 S.W.2d 462 in support of their contention. The Bell case is distinguishable from the present situation. There the statement of the attorney referred to evidence of a previous crime which was clearly unrelated to the charge before the court.

Appellant next contends that the evidence was not sufficient to sustain the conviction. As has been pointed out many times before, it is well settled that circumstantial evidence is sufficient to sustain a conviction when the circumstances are so unequivocal and incriminating as to exclude every reasonable hypothesis of innocence. Here the web of circumstances pointed irrevocably to the guilt of appellants. Their presence near the scene at the approximate time of the burglary coupled with possession of the stolen goods makes a prima facie case

of their guilt. The rule has long been that possession of stolen goods casts the burden upon him who possesses them to explain how and where they were obtained. Huskins v. Commonwealth, 299 Ky. 606, 186 S. W.2d 401 and Rains v. Commonwealth, 293 Ky. 429, 169 S.W.2d 41. The Commonwealth's attorney aptly summarized this case in his closing argument when he advised the jury, "You have everything in this case except moving pictures of the crime itself."

■ Appellants next contend that the evidence obtained at the time of their arrest was inadmissible. Here the police officers were advised that a felony had been committed and they had the description and license number of the automobile which had been seen under suspicious circumstances near the scene of the crime. They traced the registration of the automobile and upon locating it found the stolen articles clearly visible inside. Whereupon they made the arrest. There can be no serious contention that these facts do not constitute reasonable grounds to believe that the appellants had committed a felony. Thus the arrest being legal all evidence obtained incidental to it was properly admitted into evidence. Clark v. Commonwealth, Ky., 388 S.W.2d 622; Brewster v. Commonwealth, Ky., 278 S.W. 2d 63 and Foster v. Commonwealth, Ky., 415 S.W.2d 373.

■ Appellants' next contention is that the Commonwealth's attorney made unwarranted statements in his closing argument. The statement alluded to is as follows: "They jump out of the car, arrest these men right on the spot, promptly see all the stolen items and not one shred of evidence that these men didn't commit this crime." It is contended that this in effect was alluding to the failure of the appellants to take the witness stand and testify in their own behalf.

We do not so interpret it. However, even if the prosecutor's remarks be considered an indirect reference to the appellants' failure to testify they were not so prejudicial as to authorize a reversal of the judgment. Colbert v. Commonwealth, Ky., 306 S.W.2d 825, 71 A.L.R.2d 442. Likewise other statements complained of in appellants' brief in our opinion were not prejudicial.

■ The last and final objection is made to the instructions. It is contended that they failed to require the verdict to be unanimous.
RCr 9.54 provides:

"It shall be the duty of the court to instruct the jury in writing on the law of the case. Objections to instructions shall not be necessary to preserve error. The instructions shall be read to the jury prior to the closing summations of counsel."

RCr 9.82 provides:

"The verdict shall be unanimous. It shall be returned in open court."

Examination of the record herein discloses that though the court did not give a written instruction on the required number to make up a verdict, it did at the conclusion of the written instructions state to the jury "you will select one among you as your foreman and it takes all 12 to reach a verdict. Otherwise, the jury is hung."

We further find from the record that no request was made that the instruction be reduced to writing and that upon the return of the verdict no request was made for a poll of the jury. Under the circumstances, we believe it is now too late to raise this issue. Mulberry v. Commonwealth, Ky., 408 S.W. 2d 649.

The judgment is affirmed.

All concur.