Catherine Edwards JARRETT, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Nov. 22, 1968.

809

B. G. Brammell, Radcliff, E. Michael Runner, Louisville, for appellant.

John B. Breckinridge, Atty. Gen., David Murrell, Asst. Atty. Gen., Frankfort, for appellee.

EDWARD P. HILL, Judge.

This is an appeal from a judgment which found appellant guilty of a current and two previous violations of our "Local Option Law," prohibited by KRS 242.230, and fixed her punishment at imprisonment in the state reformatory for one year.

Urged upon this court as gounds for reversal are the following propositions: (1) that the affidavit upon which the search warrant was issued was fatally defective; (2) that the trial court erred in overruling appellant's motion for a directed verdict for failure by the Commonwealth to prove that appellant sold the whiskey mentioned in the affidavit for a search warrant; and (3) that the trial court erred in refusing to give a specific instruction on her defense that the whiskey was found in a room rented and occupied by a person other than appellant.

■ There is no affidavit for search warrant or copy thereof in the record. Since we have no opportunity to determine its contents, we presume it was sufficient.

Cf. Lumkins v. Commonwealth, Ky., 425 S.W.2d 535; and Miller v. Commonwealth, Ky., 432 S.W.2d 638, decided by this court October 4, 1968.

Although not included in her "Statement of Questions Presented," appellant argues that the search warrant is fatally defective for failure to describe the premises to be searched with particularity. Apparently she abandoned her second point. The warrant states:

"You are commanded to search the house now used and occupied by Catherine Edwards, alias "Big Cat" as a residence, and the outbuildings and premises adjacent thereto and motor vehicles on said premises (said residence is situated in Elizabethtown, Hardin County, Ky. and is a one story frame dwelling house, said house being the last house on the left side of Athletic Court, going North, same having a large stump in the front yard and bearing house number 130 Athletic Court. _____ County, Kentucky), and if you find on said premises or in or about said residence or buildings or vehicles Alcoholic Beverages you will seize and take possession of the same and deliver them together with this writ to me at my office as speedily as possible."

■ Appellant cites Nestor v. Commonwealth, 202 Ky. 748, 216 S.W. 270, as supporting her views. Involved in the Nestor case were two rooms entirely separate from the rest of the house. We do not think the rule in Nestor applies here. Appellant also cites cases involving the sufficiency of affidavits for search warrants for hotels and motels. Clearly the same rules requiring a particular description of the premises in case of a hotel or a motel would not apply to a small one-story residence with few rooms.

■ Appellant's third argument, that she was entitled to an affirmative instruction on her defense that the room and contents (alcoholic beverages) were rented to

and in the possession of another and that she, appellant, had no possession thereof, must fail for her failure to object to the instructions given and for her failure to raise the question in her motion and grounds for a new trial or at any time before she reached this court. Cf. Mulberry v. Commonwealth, Ky., 408 S.W.2d 649, and cases therein cited.

The judgment is affirmed.

All concur.