232

**George Washington BAILEY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 5, 1971.

Earl M. Cornett, Hindman, for appellant.

John B. Breckinridge, Atty. Gen., David E. Murrell, Asst. Atty. Gen., Frankfort, for appellee.

NEIKIRK, Judge.

The residence of George Washington Bailey was searched pursuant to a search warrant. Alcoholic beverages were found and confiscated. Bailey was thereafter indicted for possession of alcoholic beverages for the purpose of sale in local option territory—third offense. He was tried and convicted by a jury, and his punishment fixed at one year in the penitentiary. Bailey appeals. We affirm.

Prior to the trial, the appellant challenged the sufficiency of the affidavit in support of the search warrant. This attack was unsuccessful. The appellant contends that the trial court committed reversible error in not holding a hearing directed to the sufficiency of both the affidavit and search warrant. We do not find in the record any motion by appellant for such a hearing.

There is a presumption that a search warrant is valid where it is regular upon its face and sufficient in its terms. When this validity is challenged, the burden of producing evidence to the contrary is upon the challenger. The trial court ruled properly. Lumpkins v. Commonwealth, Ky., 425 S.W.2d 535.

The appellant contends that the trial court committed error in its instructions by failing to put a "reasonable doubt" clause in every instruction to the jury. The trial court did give an instruction to find the defendant not guilty if the jury had a reasonable doubt as to guilt upon the whole case. This type of instruction cures

any possible error since all the instructions must be read together. Thomas v. Commonwealth, Ky., 412 S.W.2d 578.

■ The appellant also contends that the trial court erred in referring to the testimony of a particular witness in one of the instructions. This may not have been proper, but it was harmless error. In requiring the jury to believe a particular witness in order to find the appellant guilty, the instruction was more favorable to the defendant than to the Commonwealth. RCr 9.24.

The judgment is affirmed.

All concur.