**Merlin TAULBEE, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 12, 1971.

Earl M. Cornett, Hindman, for appellant.

John B. Breckinridge, Atty. Gen., David E. Murrell, Asst. Atty. Gen., Frankfort, for appellee.

NEIKIRK, Judge.

The residence of Merlin Taulbee in Magoffin County was searched pursuant to a search warrant. A quantity of alcoholic beverages was found and confiscated. Taulbee was indicted for possession of the intoxicants in local option territory for the purpose of sale. On a trial by jury, he was found guilty, fined $100, and sentenced to thirty days in jail. Taulbee appeals. We affirm.

Taulbee asserts as grounds for reversal of the judgment that (1) the house searched was not the house described in the search warrant; (2) his motion to dismiss the indictment should have been sustained; and (3) at the trial he should have been permitted to inquire into the sufficiency of the affidavit for the search warrant.

■ A search warrant is sufficiently accurate if it describes with reasonable certainty the location of the premises to be searched. The descriptive portion of the search warrant was in detail and definite enough to guide the officers to the home of Taulbee. The officers, armed with the search warrant, went to Taulbee's home, which was the one intended to be described by the warrant. He was there. The contraband sought was found in quantity. The search warrant was sufficiently accurate. Commonwealth v. Martin, Ky., 280 S.W.2d 501.

■ Before trial, Taulbee made a "Motion to Dismiss the Indictment." This motion was overruled. The motion to dismiss the indictment presented to the trial judge the issue only of whether the indictment stated a public offense. It did not (contrary to Taulbee's argument) challenge the sufficiency of the evidence to be relied on to support the charge. If Taulbee desired to challenge the evidence, he could have made a motion before trial to suppress the evidence as being the fruits of an alleged illegal search. Had he done so, the trial court should have afforded Taulbee a hearing. Lumpkins v. Commonwealth,

Ky., 425 S.W.2d 535. The trial court committed no error in overruling the motion to dismiss the indictment, for the indictment did state a public offense.

■ Taulbee contends that the trial court should have permitted him to question witnesses during his trial relative to the sufficiency of the affidavit in support of the search warrant. Taulbee made no motion to suppress the evidence at any stage of the trial and made no avowal. The trial court committed no error in refusing to permit Taulbee, by questioning witnesses during the trial, to attack the affidavit supporting the search warrant. The proper way to attack such an affidavit is by motion to suppress the evidence, and the better practice is to make the motion before trial. Freeman v. Commonwealth, Ky., 425 S.W.2d 575.

The judgment is affirmed.

All concur.