Mrs. Ruth (Oscar) WHITEHEAD, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Sept. 24, 1971.

James C. Brock, Harlan, for appellant.

John Breckinridge, Atty. Gen., David E. Murrell, Asst. Atty. Gen., Frankfort, for appellee.

OSBORNE, Judge.

Appellant was convicted in the Harlan Circuit Court of the offense of illegal possession of alcoholic beverages for the purpose of sale in local option territory. Her punishment was fixed by the jury at $200 and 60 days in jail. She appeals from the judgment of conviction alleging that the trial court erred in allowing the officers who conducted the search of her premises to testify concerning what was discovered during the search without first requiring the introduction into evidence of the search warrant and supporting evidence.

The record discloses that at the commencement of the trial appellant made a motion to suppress the evidence obtained by virtue of the search. The court conducted a hearing and overruled the motion to suppress. During the trial, when the officers who had conducted the search were called to testify and were questioned concerning what was discovered in the course of the search, counsel for the appellant objected but stated no grounds. The court overruled the objection. Appellant now contends that the court erred in overruling these objections and permitting evidence concerning the search, as the search warrant itself and supporting affidavits had not previously been introduced in evidence. We are of the opinion the judgment will have to be affirmed.

Appellant does not question the validity of the affidavits or search warrant. Her only contention is that they should have been introduced in evidence. When she made motion to suppress the evidence, the validity of the affidavits and

warrant was then placed in issue. Hearing was then held and this question was passed upon by the court. This was a question for the court and once determined was settled for the balance of the trial. Freeman v. Commonwealth, Ky., 425 S.W.2d 575; Taulbee v. Commonwealth, Ky., 465 S.W. 2d 51. There was no question concerning the search being voluntarily consented to as was the case in Bradley v. Commonwealth, Ky., 439 S.W.2d 61.

We know of nothing to require the Commonwealth to later place these in evidence before the jury as there was no question for the jury to determine concerning them.

Judgment affirmed.

All concur.