**Frank HIGDON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 19, 1971.

J. Wood Vance, Jr., Glasgow, for appellant.

John B. Breckinridge, Atty. Gen., David E. Murrell, Asst. Atty. Gen., Frankfort, for appellee.

STEINFELD, Judge.

Appellant Frank Higdon was convicted of the crime of storehouse breaking denounced by KRS 433.190. He appeals. We affirm.

A search warrant was issued upon a faulty affidavit. Property allegedly stolen was observed by an officer when he presented the warrant at the residence of Higdon. Later when another officer, who was accompanied by the owner of the stolen property, returned with the same warrant, the mother of Higdon, with whom he lived, displayed some of the same articles to them. On the trial the chief of police testified at length and told that a search warrant had been obtained and what was discovered. The robbery victim followed, and he too was thoroughly examined and cross-examined about the discovered property which he said was stolen from him. A second police officer testified about related matters. The assistant chief of police was then interrogated and after he had answered twenty-one questions, counsel for Higdon requested that he might see the search warrant. It was then discovered that it was not in the record; whereupon, an adjournment was ordered to permit its production.

It was produced and the trial resumed. Higdon's attorney, a different one than the lawyer representing Higdon on this appeal, asked the witness many additional questions, some of which pertained to the stolen property, the affidavit and the search warrant. He then moved to "* * * strike all evidence relating to anything found as a result of the search * * *" His motion was correctly overruled. At the time the chief of police testified, the challenge should have been made—the objection came too late. Senibaldi v. Com., Ky., 338 S.W.2d 915 (1960). Also see RCr 9.22 and Knight v. Com., Ky., 405 S.W.2d 685 (1966), and Shelton v. Com., Ky., (decided November 19, 1971).

The judgment is affirmed.

All concur.