**Donald SHANKS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Jan. 18, 1974.

Anthony M. Wilhoit, Public Defender, Paul F. Isaacs, Asst. Public Defender, Frankfort, for appellant.

Ed W. Hancock, Atty. Gen., Patrick B. Kimberlin, III, Asst. Atty. Gen., Frankfort, for appellee.

STEINFELD, Justice.

Appellant Donald Shanks was convicted on two counts of illegal possession of narcotic drugs. KRS 218.020. He was sentenced to serve 20 years in the penitentiary and fined $1000 on one count and was sentenced to serve five years and fined $250 on the other count, the sen-

tences to be served consecutively. He appeals. We reverse.[1]

About 9:30 p. m. on June 31, 1969, Detective Fred Blake and other officers of the Lexington Police Department arrived at the Embers Inn Motel to answer a complaint concerning prostitution. They waited in room 251 to ascertain if criminal acts were occurring. Blake testified "* * * I noticed the two girls[2] and Mr. Shanks and Herbert Hill in this room (253), coming and going. This motel has a cocktail lounge and a swimming pool, and the girls were in bathing suits and there was quite a bit of activity about this room." After more than one hour of observation by the officers, when the two girls left room 253 and proceeded down the corridor into another room (245), the officers observed them taking money for prostitution, whereupon they were placed under arrest for that offense by Blake and another officer.

Without either a search or arrest warrant these two officers then went to room 253 (which was registered to Herbert Hill). The door was opened after the officers knocked for about five minutes, looked through a window, and orally identified themselves as police. In the room, which was in disarray, were Shanks, Hill, Herschel Passmore and Reynolds Edwards. Passmore and Edwards had arrived about 15 minutes before the police entered the room. After entering room 253 the officers discovered on a table near where Shanks was sitting two used syringes, a needle, a spoon, and a burnt metal container lid which appeared to contain the residue of a substance. Unrolled cigarette papers customarily used in smoking marijuana were scattered about. One of the officers testified that he was experienced in narcotics investigations and that Shanks appeared to be under the influence of narcotic drugs. The police charged all the occupants of the room with disorderly conduct, they said " * * * due to the appearance of the room * * *."[3] They found a matchbox of marijuana on the person of Passmore and while searching the room they found in a " * * * dresser drawer a white powder substance wrapped in Reynolds Wrap, which (they) suspected to be heroin * * *." Shanks was also charged with contributing to the delinquency of a minor[4] and later with possession of narcotic drugs. The search of the room then continued and resulted in the discovery of a loaded pistol, additional cartridges, unused syringes, a tinfoil containing heroin, and some marijuana in a paper sack.

Appellant contends, among other things, that the trial court erred in admitting in evidence, over his objection, the items obtained in the warrantless search. The Commonwealth responds that this alleged error was not preserved for appellate review. It points out that no motion to suppress was made at any pretrial stage and that when the motion was made during the trial " * * * it was not supported by any evidentiary material or factual basis which would support or provide a basis for the suppression of the evidence." In Taulbee v. Commonwealth, Ky., 465 S.W.2d 51 (1971), we said that the better practice is to move before trial to suppress evidence. However, in Higdon v. Commonwealth, Ky., 473 S.W.2d 110 (1971), we held that the objection to the introduction of evidence obtained in a search would be timely if made when the evidence is first offered.[5]

---

1. Appellant Shanks was before this court in another case, Shanks v. Commonwealth, Ky., 463 S.W.2d 312 (1971).

2. The two girls were Nannie Brown and Doris Elaine Smith, one of whom was a juvenile.

3. On the charge of disorderly conduct, Shanks was found guilty.

4. The charge against Shanks of contributing to the delinquency of a minor was dismissed.

5. Kentucky has not adopted a rule comparable to FRCrP 41(e) which requires a pretrial motion to suppress evidence.

At the conclusion of the cross-examination of a police officer who was the first witness for the Commonwealth, the appellant unsuccessfully sought to suppress the "* * * fruits of an illegal search * * *." It was at that time that the Commonwealth first offered the seized items into evidence. The motion to suppress was timely made. The officer had testified of the activities which led to the discovery of the items offered in evidence. It appears to us that this testimony supported the motion to suppress.

The appellant argues that the warrantless search was not incident to a valid arrest, therefore a search was impermissible. See Cupp v. Murphy, 412 U.S. 291, 93 S.Ct. 2000, 36 L.Ed.2d 900 (1973). Until the officers entered room 253, their testimony disclosed, they had observed nothing which justified Shanks' arrest. "Since it (the arrest) was without warrant, it could be valid only if for a crime committed in the presence of the arresting officer or for a felony of which he had reasonable cause to believe defendant guilty." Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948). There having been no probable cause for arresting Shanks revealed by the adduced testimony, the items seized should not have been admitted into evidence. United States v. Robinson, —— U.S. ——, 94 S.Ct. 467, 38 L.Ed.2d 427 (decided December 11, 1973); Gistafson v. Florida, —— U.S. ——, 94 S.Ct. 488, 38 L.Ed.2d 456 (decided December 11, 1973). The search and seizure cannot be validated under any of the carefully drawn exceptions to the constitutional requirement of a warrant.

Inasmuch as we are reversing for the foregoing reason, it is unnecessary for us to consider other claims of error advanced by appellant.

The judgment is reversed.

All concur, except OSBORNE, C. J., who concurs in result only.