Barrie Leslie **MATLOCK**, Appellant,

v.

**COMMONWEALTH of Kentucky,**
Appellee.

No. 2009–CA–000929–MR.

Court of Appeals of Kentucky.

Feb. 18, 2011.

Discretionary Review Denied by
Supreme Court Aug. 17, 2011.

---

Karen Shuff Maurer, Assistant Public
Advocate, Frankfort, KY, for appellant.

Jack Conway, Attorney General of Kentucky, Joshua D. Farley, Assistant Attorney General, Frankfort, KY, for appellee.

Before ACREE and STUMBO, Judges;
LAMBERT,[1] Senior Judge.

### OPINION

ACREE, Judge:

Appellant Barrie Matlock seeks reversal of the Christian Circuit Court's order denying his motion to suppress without an evidentiary hearing. Matlock claims the circuit court erred in refusing to grant him an evidentiary hearing as required by Kentucky Rule of Criminal Procedure Constitution and Kentucky Revised Statutes 21.580.

1. Senior Judge Joseph Lambert sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky

(RCr) 9.78. We agree and remand for a hearing on Matlock's motion to suppress.

Matlock was arrested on April 25, 2008, when an officer discovered illegal drugs in his possession. At trial, the Commonwealth called Chief Mark Goforth of the Pembroke Police Department as its first witness. Goforth testified to the events leading up to Matlock's arrest, including that Matlock voluntarily handed over marijuana. According to Goforth's testimony, after arresting Matlock for possession of marijuana, he searched the vehicle Matlock occupied and discovered crack cocaine. At the conclusion of Goforth's testimony, the Commonwealth sought to introduce the physical evidence obtained as a result of the search and seizure. Matlock's attorney objected and sought to suppress the evidence. The circuit court denied the objection and attempt to suppress the evidence but without holding a hearing.

At trial, Matlock testified in his own defense, disputing the officer's testimony regarding the encounter and claiming that the drugs were planted. However, Matlock was subsequently convicted of trafficking in a controlled substance and possession of marijuana.

█ The Commonwealth acknowledges that the circuit court erred by failing to conduct a hearing on Matlock's motion to suppress, but argues that any error was harmless for two reasons. First, the motion to suppress was untimely; second, that the error in not conducting a hearing was harmless.

█ It is clear that if the objection was timely, then the circuit court was obligated to hold an evidentiary hearing. *See Mills v. Commonwealth*, 996 S.W.2d 473, 481 (Ky.1999); RCr 9.78. However, the failure to do so may amount to harmless error if there are no material or substantial factual disputes regarding the search and seizure. *Mills*, 996 S.W.2d at 481.

The Commonwealth acknowledges that *Shanks v. Commonwealth* stands squarely opposed to their timeliness argument. *Shanks v. Commonwealth*, 504 S.W.2d 709, 710 (Ky.1974). Therefore, they ask us to reconsider the holding in *Shanks*. However, *Shanks* was decided by the predecessor court to our current Supreme Court and we are powerless to change its precedent. Rules of the Supreme Court (SCR), Rule 1.030(8)(a) ("The Court of Appeals is bound by and shall follow applicable precedents established in the opinions of the Supreme Court *and its predecessor court.*") (Emphasis supplied).

In *Shanks*, "[a]t the conclusion of the cross examination of a police officer who was the first witness for the Commonwealth, the appellant unsuccessfully sought to suppress the ' * * * fruits of an illegal search * * *.' It was at that time that the Commonwealth first offered the seized items into evidence." 504 S.W.2d at 711. The Commonwealth argued that the motion was untimely. *Id.* at 710. However, the court disagreed. *Id.* Relying on *Higdon v. Commonwealth*, the court found that the motion to suppress was timely because it was made when the seized items were first offered into evidence. *Id.* at 710–11 (citing *Higdon v. Commonwealth*, 473 S.W.2d 110 (Ky.1971)).

In *Higdon*, a motion to suppress was made during the testimony of the Commonwealth's fourth witness. 473 S.W.2d at 111. The court found that the objection came too late. *Id.* The court reasoned that the motion should have been made during the testimony of the Commonwealth's first witness—a police chief who testified at length regarding the warrant and search. *Id.*

*Shanks* and *Higdon* rely on two different triggering events that indicate the

timeliness of such an objection. In *Shanks*, the court focused on the evidence and the point during trial when it was proffered. In *Higdon*, the court looked to the witnesses and found that an objection is timely when made during the testimony of the first witness who testifies regarding the circumstances of the search and seizure. It is plausible that several witnesses might testify regarding the circumstances of the search and seizure before the actual items are offered into evidence. In such a case, *Higdon* would control and require the objection be made during the first such witness's testimony. *Shanks* adds an additional requirement, that the objection occur before or at the same time the seized items are first offered into evidence.

It is clear that this case complies both with *Shanks* and with *Higdon*. The objection was made prior to cross-examination of Chief Goforth, the Commonwealth's first witness, when the seized items were first offered into evidence. Therefore, the objection was timely.

■ Next, we must determine if the circuit court's error in denying the motion to suppress without an evidentiary hearing was harmless. RCr 9.78 requires that:

> [i]f at any time before trial a defendant moves to suppress, or during trial makes timely objection to the admission of evidence consisting of ... the fruits of a search ... the trial court *shall conduct an evidentiary hearing outside the presence of the jury* and at the conclusion thereof *shall enter into the record findings resolving the essential issues of fact* raised by the motion or objection and necessary to support the ruling.

RCr 9.78 (emphasis added). "RCr 9.78 places affirmative duties upon the trial court. The rule does not require that the defendant move for an evidentiary hearing. Instead, the rule mandates that a trial court shall hold an evidentiary hearing outside of the presence of the jury...." *Mills*, 996 S.W.2d at 481.

In *Mills*, the Supreme Court of Kentucky found that an evidentiary hearing was required when the defendant made a motion to suppress his confession. *Id.* However, the court indicated that failure to hold a hearing is harmless error when there is no dispute as to the material or substantial facts involving the evidence for which suppression is sought. *Id.* In *Mills*, the evidence was the defendant's confession. The confession itself and the surrounding circumstances were all on video. *Id.* Consequently, there were no factual disputes and failure to hold a hearing was deemed harmless error. *Id.*

Unlike *Mills*, in this case material and substantial facts are in dispute and no tape of the interaction exists. The officer's testimony regarding the search and seizure differed greatly from the testimony offered by Matlock at trial. Thus, there are material factual disputes and the failure to grant the hearing was not harmless error.

Despite the Commonwealth's suggestion, this Court cannot determine whether, "[h]ad the trial court held a hearing[, it] would not have suppressed the evidence...." The circuit court is in a better position to judge the credibility of the witnesses and make such a determination for itself. Therefore, we remand to the circuit court for a hearing on the motion to suppress. Should the motion to suppress be granted, the conviction must be vacated and a new trial conducted. If, however, such motion is denied after a hearing the conviction will stand.

ALL CONCUR.