RENDERED: AUGUST 23, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1035-MR

COMMONWEALTH OF KENTUCKY                    APPELLANT

v.            APPEAL FROM ADAIR CIRCUIT COURT
HONORABLE DAN KELLY, JUDGE
ACTION NO. 22-CR-00214

WENDELL NEAL REYNOLDS                     APPELLEE

OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE: CETRULO, GOODWINE, AND KAREM, JUDGES.

GOODWINE, JUDGE: The Commonwealth appeals from the Adair Circuit Court's August 17, 2023 order suppressing evidence. After careful review, we vacate and remand.

On August 13, 2022, Kentucky State Police Officer Roark ("Roark") stopped Wendell Neal Reynolds ("Reynolds") for failing to wear his seatbelt.

Reynolds did not own the vehicle he was driving. It belonged to his brother-in-law ("the owner").

During the stop, Roark requested to search the vehicle, but Reynolds denied consent. The owner of the vehicle also declined to consent when he was contacted. Roark then requested a canine unit and, as a result of a dog sniff, officers recovered methamphetamine, testosterone, and a glass pipe from the vehicle. Reynolds was subsequently indicted on one count each for first-degree trafficking in a controlled substance (two grams or more of methamphetamine); second-degree possession of a controlled substance; possession of drug paraphernalia; operating on a suspended or revoked operator's license; failure to wear a seatbelt; and failure to produce an insurance card. He moved to suppress the evidence obtained from the vehicle during the traffic stop.

The parties appeared before the trial court on Reynolds' suppression motion, but there was no hearing. Instead, the court stated, "there may not be any factual disputes in this case." Video Record ("V.R.") May 30, 2023 at 9:14:10-13. The court then asked counsel for arguments regarding what evidence may be presented at a hearing. In his argument, counsel for the Commonwealth referred to the citation written by Roark. Counsel for Reynolds described the facts as "straight forward" and explained that she based the recitation of facts in the motion on Roark's citation. However, she specifically contested the facts regarding the

vehicle, including whether the owner may have attempted to retrieve it at some point during the stop. The parties did not stipulate to any facts either orally or in writing.

Thereafter, the trial court entered an order granting the motion without making any findings of fact. In its entirety, the order read,

> [t]his matter having come before the Court upon the Defendant's Motion to Suppress and the Court being fully and sufficiently advised,
>
> The Court finds there was insufficient basis for calling the canine search, and therefore insufficient grounds for the search following the canine alert.

Record ("R.") at 77. The Commonwealth did not file any post-judgment motions. This appeal followed.[1]

We review orders on motions to suppress evidence in two parts. First, we accept a trial court's findings of fact so long as they are supported by substantial evidence. *Pitcock v. Commonwealth*, 295 S.W.3d 130, 132 (Ky. App. 2009) (citation omitted). We then review the court's legal conclusions *de novo*. *Id*. (citation omitted).

---

[1] Because there was no hearing on the motion to suppress and the trial court did not make any findings of fact, our recitation of the facts is based on the parties' briefs.

On appeal, the Commonwealth argues: (1) because Reynolds did not own the vehicle, he did not have an expectation of privacy in its interior;[2] (2) the traffic stop was not unconstitutionally prolonged; and (3) suppression was improper because the evidence would have inevitably been discovered during an inventory search of the vehicle. Each of these issues demands individualized factual analysis by the trial court. *See Bolin v. Commonwealth*, 592 S.W.3d 305, 312 (Ky. App. 2019); *see also Commonwealth v. Clayborne*, 635 S.W.3d 818, 825 (Ky. 2021); *see also Cobb v. Commonwealth*, 509 S.W.3d 705, 710 (Ky. 2017) (citations omitted). Despite the fact-intensive nature of the issues presented, the trial court did not conduct an evidentiary hearing or make factual findings either orally or in writing.

Motions to suppress are governed by RCr[3] 8.27, which states, "[t]he court shall conduct a hearing on the record and before trial on issues raised by a motion to suppress evidence." This rule places an affirmative duty on the trial court which does not require a defendant to move for a hearing. *See Matlock v. Commonwealth*, 344 S.W.3d 138, 140 (Ky. App. 2011) (citation omitted). Both

---

[2] The Commonwealth characterizes this argument as a claim that Reynolds lacked "standing" to challenge the search. "'[S]tanding' analysis is improper under Fourth Amendment substantive law." *Warick v. Commonwealth*, 592 S.W.3d 276, 280 (Ky. 2019). Rather than disputing "standing," this argument should be raised under the doctrines of the Fourth Amendment. *Id*. at 283.

[3] Kentucky Rules of Criminal Procedure.

parties have the right to introduce evidence at a hearing. *Commonwealth v. Jones*, 217 S.W.3d 190, 193 (Ky. 2006) (footnote omitted). Failure to conduct an evidentiary hearing "may amount to harmless error if there are no material or substantial factual disputes" regarding the evidence for which suppression is sought. *Matlock*, 344 S.W.3d at 139 (citation omitted). Here, Reynolds disputes the Commonwealth's characterization of the facts as "uncontested." Without specific stipulations by the parties or findings by the court, we cannot say there are no substantial or material disputes regarding the facts herein. The trial court's failure to conduct a hearing was not a harmless error.

Furthermore, the Commonwealth cites *Clayborne* to argue we should "assume[] the facts to be accurate because they were not in dispute." Appellant's Brief at 5. "When factual issues are involved in deciding a motion, the court shall state its essential findings on the record." RCr 8.20(2). There was an evidentiary hearing in Clayborne, 635 S.W.3d at 824, and the parties agreed upon the underlying facts. On this basis, the Supreme Court of Kentucky assumed the testimony presented at the suppression hearing was accurate and proceeded with its *de novo* analysis of the trial court's legal conclusions despite the trial court's failure to make specific findings of fact. *Id*. (citation omitted). Here, the court did not conduct an evidentiary hearing and the parties do not agree on the facts.

Unlike in *Clayborne*, there are insufficient facts in the record on which to base a decision on the merits of this appeal.

Based on the foregoing, the August 17, 2023 order of the Adair Circuit Court is vacated and this matter is remanded with instructions for the trial court to make specific findings of fact on Reynolds' motion to suppress. Unless the parties specifically stipulate to all necessary facts, the trial court must conduct an evidentiary hearing. In deciding the motion, the court shall make findings on all issues raised by the parties, including: (1) whether Reynolds had an expectation of privacy in the vehicle's interior; (2) whether the traffic stop was unconstitutionally extended; and (3) whether the inevitable discovery exception applies.

Additionally, it is uncontroverted that Reynolds was driving on a suspended license, meaning that he could not drive away from the scene in the vehicle. *See Olmeda v. Commonwealth*, 601 S.W.3d 183, 186 (Ky. App. 2020). Unlike the facts in *Olmeda*, it is also uncontested that Reynolds was not the owner of the vehicle in question and the owner was contacted during the stop. Any remaining facts regarding the owner's involvement and/or actions are unknown to this Court. On remand, the trial court shall make any necessary findings regarding

the owner's actions and the circumstances surrounding the vehicle during the stop. The court may consider the applicability of *Olmeda* based on those facts.[4]

ALL CONCUR.

| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Russell Coleman<br>Attorney General of Kentucky | Erin Hoffman Yang<br>Frankfort, Kentucky |
| Melissa A. Pile<br>Assistant Attorney General<br>Frankfort, Kentucky | |

---

[4] Despite the trial court's failure to make findings as to its arguments, the Commonwealth did not move for such findings under Kentucky Rules of Civil Procedure (CR) 52.02. Appellate courts review for error and "a nonruling cannot be erroneous when the issue has not been presented to the trial court for decision." *Commonwealth v. Smith*, 542 S.W.3d 276, 285 (Ky. 2018) (citation omitted). Such a failure would ordinarily preclude our review. *Id.* However, because there was no evidentiary hearing, which is a failure solely attributable to the trial court, remanding for such a hearing is the proper resolution to this appeal.